**BUCHALTER NEMER**
*A Professional Corporation*
16435 North Scottsdale Road, Suite 440
Scottsdale, Arizona 85254-1754
Phone: (480) 383-1800
Fax:   (480) 824-9400

Donnelly A. Dybus
State Bar Number 013819

Attorneys for Plaintiff
ECOMMERCE INNOVATIONS L.L.C.

### UNITED STATES DISTRICT COURT

### DISTRICT OF ARIZONA

| | |
|---|---|
| ECOMMERCE INNOVATIONS L.L.C., a Nevada limited liability company,<br><br>            Plaintiff,<br><br>    vs.<br><br>DOES 1-10,<br><br>            Defendants. | CIV MC No. _____<br><br>[Pending in the Central District of California, Case No. CV08-04596]<br><br>**PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENA TO XCENTRIC VENTURES, LLC, DBA RIPOFFREPORT.COM**<br>**(Oral Argument Requested)** |

Plaintiff Ecommerce Innovations L.L.C., dba Inspired Silver ("Plaintiff" or "Inspired Silver"), pursuant to Rule 45, Fed.R.Civ.P., requests that this Court compel third party XCentric Ventures, LLC, dba RipOffReport.com ("RipOffReport.com") to produce documents requested in the Subpoena In A Civil Case issued on August 5, 2008, and provide relevant documents and information.  Plaintiff requests that RipOffReport.com be ordered to produce the documents within five days from the Court's order.  Plaintiff also requests that it be awarded its reasonable attorneys' fees and costs incurred in connection with this Motion in the amount of at least $2,000.00.

///

///

E1435.0006 BN 2285281v1                                    -1-

**MOTION TO COMPEL COMPLIANCE WITH SUBPOENA**

This Motion is supported by the accompanying Memorandum of Facts and Authorities and Statement of Counsel Jason H. Fisher, which are incorporated by this reference, and the Certificate of Counsel, which is attached as Exhibit "A" and is incorporated by this reference, pursuant to Rule 45(c)(a)(2)(B), Fed.R.Civ.P.

DATED this 22nd day of September, 2008.

BUCHALTER NEMER
A Professional Corporation

/s/ Donnelly A. Dybus
Donnelly A. Dybus
Attorneys for Plaintiff

# MEMORANDUM OF FACTS AND AUTHORITIES

**I. History**

RipOffReport.com is an online message board that invites users to post complaints about companies or individuals at its website on the Internet located at www.ripoffreport.com

Plaintiff is a well-known jewelry retailer that has a brick-and-mortar storefront and a successful website on the Internet located at www.inspiredsilver.com

On or about June 9, 2008, an anonymous person posted a message on RipOffReport.com that was defamatory of Inspired Silver and its owner, David Strager. (The post was identified as Report No. 338338 and is located at www.ripoffreport.com/reports/0/338/reipoff3383338.htm.) The anonymous post falsely accused Inspired Silver of being an "unethical online retail and Jewelry catalog company" that engaged in various activities, including knocking-off jewelry designs and failing to pay its vendors – all of which are untrue, knowingly false and solely posted with the intent to harm. The post went on to identify Inspired Silver's owner and sister by name and their cities of residence. It further identified the mother of the owner, again by name and city of residence.

On or about July 14, 2008, Inspired Silver commenced this action against Does 1 through 10 for trade libel and defamation. Once Inspired Silver identifies the anonymous poster, it will seek leave to substitute his or her real name in place of a Doe defendant.

On or about July 17, 2008, counsel for Plaintiff followed the instruction on the RipOffReport.com website and submitted an e-mail to its editor and custodian of records, requesting documentation that would reveal the identity of the anonymous author of the defamatory post. The following day, counsel for RipOffReport.com responded, demanding that Plaintiff first give notice by posting a notice in the same location advising the anonymous author that an action has been commenced and that his or her identity has been requested from the website's host. Counsel for RipOffReport.com also indicated that he was authorized to accept service of a formal subpoena from Plaintiff.

Accordingly, on or about August 5, 2008, Plaintiff's counsel posted a notice on the RipOffReport.com website that it has commenced the present action and had issued a subpoena

for records that would identify the contact information for the anonymous poster. In addition, also on or about August 5, 2008, Plaintiff's counsel served a subpoena on RipOffReport.com per its counsel's instructions, requesting documentation of the anonymous poster's identity (including name, address, phone number, IP address, cookie log, etc.) and complying with Arizona Rule 12-2214 for a subpoena of media witnesses.

Plaintiff's counsel continued to meet and confer with counsel for RipOffReport.com, but it failed to object to the subpoena within 14 days after service or produce documents.

Only on the September 12, 2008 return-date of the subpoena, did counsel for RipOffReport.com serve an objection, in which he refused to comply with the subpoena absent a ruling by this Court. Accordingly, RipOffReport.com has forced Plaintiff to bring this Motion in order to compel compliance with the subpoena.

**II      Legal Argument**

Rule 45(c)(2)(B)(i), Fed.R.Civ.P., provides that the party serving a subpoena may move the issuing court for an order compelling production or inspection at any time on notice to the commanded person.

Plaintiff has good cause for this Motion and the documents requested in the subpoena in that they are necessary in order to identify the anonymous poster of defamatory material on the RipOffReport.com website. Without the information requested, Plaintiff will be unable to proceed with the present lawsuit and pursue its claims for trade libel and defamation and pursue its remedies for injunctive and monetary relief. In addition, by this Motion and the attached Statement of Jason H. Fisher, Plaintiff has established a *prima facie* case that the unknown poster has engaged in defamatory behavior and should not be allowed to hide behind his or her anonymous posting.

Plaintiff has complied with all procedural and substantive requirements for this Motion to be granted.

First, Plaintiff complied with RipOffReport.com's request that it provide notice to the anonymous poster in the same location on the website.

///

Second, Plaintiff complied with Arizona Rule 12-2214 by attaching a Compliance Affidavit at the end of the subpoena.

Third, Plaintiff complied with counsel for RipOffReport.com's interpretation of *Mobilisa, Inc. v. John Doe 1*, 217 Ariz. 103 (Ariz. App. 2007), by (1) giving notice of the subpoena to the anonymous poster and a reasonable opportunity to respond; (2) showing that its defamation claims would survive a defense motion for summary judgment; and (3) showing that a balance of the parties' competing interests favors disclosure.

Indeed, recent federal case law has established standards similar to those in *Mobilisa* for granting a motion to compel compliance with a subpoena (or opposing a motion to quash one) vis-à-vis a website or internet service provider in connection with identifying an anonymous poster. *See e.g.*, *Best Western International, Inc. v. John Doe*, 2006 W.L. 2091695 (D. Ariz. 2006) and *Doe 1 and Doe II v. Individuals*, 561 F.Supp.2d 249 (D. Conn. 2008) (overruling motion to quash subpoena directed at internet service provider brought by anonymous internet posters accused of libel, invasion of privacy and emotional distress based upon their posting of derogatory comments about student on website).

In *Best Western*, *supra*, the court noted that "the right to speak anonymously is not absolute," citing to the Supreme Court in *McIntyre v. Ohio Elections Commission*, 514 U.S. 334, 353 (1995). The court also cited *Doe v. Cahill*, 884 A.2d 451, 456 (Del. 2005) for the position that "[c]ertain classes of speech, including defamatory and libelous speech, are entitled to no constitutional protection."

> " 'Those who suffer damages as a result of tortuous or other actionable communications on the Internet should be able to seek appropriate redress by preventing the wrongdoers from hiding behind an illusory shield of purported First Amendment rights.' "

*Best Western*, *supra*, at * 3, *citing In re Subpoena Duces Tecum to America On-Line, Inc*., 2000 W.L. 1210372, at *5 (Va. Cir. Ct. 2000).

The court in *Best Western* referenced a five-part test, which included:

"(1) a concrete showing of a *prima facie* claim of actionable harm;

| | |
|---|---|
| 1 | (2) the specificity of the discovery request; |
| 2 | (3) the absence of alternative means to obtain the subpoenaed information; |
| 3 | (4) a central need for the subpoenaed information to advance the claim; and |
| 4 | (5) the Doe defendants' expectation of privacy." |

*Best Western*, *supra*, at * 4. In addition, the court in *Best Western* also required the plaintiff to "give notice to the John Doe Defendants over the Internet site and afford them an opportunity to oppose the discovery." *Best Western*, *supra*, at *5.

Here, we start with the fact that RipOffReport.com failed to timely object to the subpoena and has waived any objections that it might have had. Rule 45(c)(2)(B), Fed.R.Civ.P; *U.S. ex rel. Schwartz v. TRW, Inc*., 211 F.R.D. 388 (C.D. Cal. 2002), *In re Motorsports Merchandise Antitrust Litig*., 186 F.R.D. 344 (W.D. Va. 1999); *Alexander v. F.B.I*., 186 F.R.D. 21 (D. Colo. 1989).

Next, Plaintiff has met the standards enunciated in both *Mobilisa* and *Best Western* to compel RepOffReport.com to respond to the present subpoena.

First, the Complaint and attached Statement of Jason H. Fisher provide a *prima facie* showing of the anonymous poster's trade libel and defamation. The post accuses Inspired Silver of being unethical, engaging in tortuous or criminal activities (copyright infringement in knocking-off jewelry designs of others) and not paying its vendors. Plaintiff alleges that these claims are false and published with scienter with the intent to harm Plaintiff. The anonymous poster also demonstrates his or her spite and ill-will toward Plaintiff and its owner by naming the owner and his sister and mother, individually, and revealing their respective cities of residence. The showing in the moving papers is certainly sufficient to raise a triable issue of fact that would defeat a hypothetical summary judgment motion by the anonymous poster.

Second, the subpoena is very specific in its discovery request. It has three categories, all of which seek documents that would reveal the identity of the anonymous poster. The requests are precise and in no way overbroad or burdensome.

Third, there is no alternative way for Plaintiff to obtain the identity of the anonymous poster other than by way of the subpoena.

**MOTION TO COMPEL COMPLIANCE WITH SUBPOENA**

Fourth, without the identity of the anonymous poster, Plaintiff cannot proceed with its suit for trade libel and defamation.

And fifth, the anonymous poster cannot assume that a privacy expectation, if any, would outweigh Plaintiff's right to pursue its torts remedies against him or her.

Finally, Plaintiff's counsel has provided notice of the lawsuit and subpoena to the anonymous poster on the RipOffReport.com website and has given him or her an opportunity to respond.

**III.  Conclusion**

Given the awful, invasive and untrue misrepresentations the anonymous poster made about Plaintiff that would easily support a claim for trade libel and defamation and the fact that the poster's identity is needed to pursue the lawsuit, the balance of the parties' competing interests clearly favor disclosure and compliance with the subpoena.  A poster may not immunize himself or herself from liability for trade libel and defamation simply by insisting that a web provider maintain their anonymity.  Plaintiff requests that this Court issue an order compelling RipOffReport.com to produce all documents requested in the subpoena within five days and to pay the reasonable costs and attorneys' fees incurred by Plaintiff in preparing, filing and arguing this Motion.

DATED this 22nd day of September, 2008

        BUCHALTER NEMER
        A Professional Corporation


        /s/ Donnelly A. Dybus
        Donnelly A. Dybus
        Attorneys for Plaintiff

| | |
|---|---|
| 1 | Original filed this 23rd day of September, 2008 and |
| 2 | |
| 3 | Copy mailed this 23rd day of September, 2008, to: |
| 4 | |
| 5 | David S. Gingras, Esq.<br>Jaburg & Wilk, P.C. |
| 6 | 3200 North Central Avenue, Suite 2000<br>Phoenix, AZ  85012 |
| 7 | Attorneys for XCentric Ventures, LLC, dba RipOffReport.com |
| 8 | |
| 9 | /s/ JoAnn Gillotte |