Maria Crimi Speth, #012574
David S. Gingras, #021097
**JABURG & WILK, P.C.**
3200 North Central Avenue, Suite 2000
Phoenix, Arizona 85012
Tel: (602) 248-1000
Fax: (602) 248-0522

Attorneys for Xcentric Ventures, L.L.C.

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| ECOMMERCE INNOVATIONS, L.L.C., a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>DOES 1 through 10,<br><br>Defendants. | Case No.: 2:08–MC–00093<br><br>**NON-PARTY XCENTRIC VENTURES, L.L.C.'s RESPONSE TO PLAINTIFF'S MOTION TO COMPEL** |

Non-party XCENTRIC VENTURES, L.L.C. ("Xcentric") respectfully submits the following Response to Plaintiff ECOMMERCE INNOVATIONS, L.L.C.'s ("Ecommerce") Motion to Compel Compliance With Subpoena. In addition, pursuant to Fed. R. Civ. P. 45(c)(3)(A)(iii), Xcentric moves for an order quashing the subpoena issued in this matter for the reasons set forth below.

## I. BACKGROUND

Xcentric is an Arizona-based limited liability company which operates a website known as "The Ripoff Report" located at **www.ripoffreport.com**. The Ripoff Report is an online forum where users can read and post stories and comments about companies/businesses who they feel have "ripped them off" in some manner.

10297-1/DSG/DSG/680903_v1

According to the Motion to Compel, on July 14, 2008 Ecommerce filed a defamation action in the United States District Court in Los Angeles, California against certain "John Doe" defendants who posted anonymous statements about Ecommerce on the Ripoff Report website. Xcentric is not a party to the California litigation.

In order to determine the identities of the anonymous authors, counsel for Ecommerce contacted Ripoff Report on July 17, 2008 and requested that the site voluntarily disclose any information it had (such as IP address logs, etc.) which could be used to identify the true names of the anonymous authors. In response, on July 18, 2008 undersigned counsel for Xcentric contacted plaintiff's counsel via email (attached to Ecommerce's motion as **Exhibit 3**) and explained that the requested information was protected by the First Amendment and could not be produced without a court order entered following the protocol set forth in the Arizona Court of Appeals' decision in *Mobilisa v. Doe*, 217 Ariz. 103, 170 P.3d 712 (App. 2007).

This exchange resulted in the instant motion which presents a simple question for decision by the Court: <u>Has Ecommerce established that it is entitled to records which reveal the identity of the author who posted information anonymously on www.RipoffReport.com</u>? The answer to this question requires an analysis of two things: 1.) the requirements set forth in *Mobilisa*; and 2.) a review of the allegations and evidence proffered by Ecommerce to determine if it has satisfied the applicable standard.

## II. ARGUMENT

### A. Xcentric Has Not Waived Any Objections To The Subpoena

Before discussing the merits of the issue, Ecommerce begins by suggesting this Court should ignore the First Amendment rights of the authors (who are not presently before this Court) because Xcentric allegedly failed to timely object to its subpoena. This half-hearted argument is factually wrong and legally meritless.

10297-1/DSG/DSG/680903_v1

Pursuant to Rule 45(c)(2)(B), a party served with a subpoena may object rather than comply. In that case, "[t]he objection must be served before <u>the earlier</u> of <u>the time specified for compliance</u> *or* 14 days after the subpoena <u>is served</u>." (emphasis added).

Here, the subpoena (**Exhibit 4** to Ecommerce's motion) indicates a compliance date of September 12, 2008, and Xcentric's objection (**Exhibit 6**) was made that same day; September 12, 2008. Despite this, Ecommerce argues that the objection was untimely because it was not made within 14 days after *service* of the subpoena.

The problem with this argument is that Ecommerce neglected to actually serve the subpoena. Indeed, the service page of the subpoena itself (**Exhibit 4**) states that the subpoena was purportedly served "by facsimile and U.S. mail". Of course, neither fax nor mail are authorized methods of service under Rule 45. *See* Fed. R. Civ. P. 45(b)(1) (requiring personal service of subpoenas). The practice comments to Rule 45 are exceptionally clear on this point:

> **C45-9. Method of Subpoena Service.**
>
> Service of a subpoena is made "by delivering a copy" to the person named. That was the requirement before the 1991 amendment and it remains the requirement under subdivision (b)(1) of the amended Rule 45. <u>Personal delivery is the only method specified, and this differs substantially from service of the summons under Rule 4, for which a variety of methods are made available</u>. The <u>recently adopted mail method for summons service</u>, for example, which does not even entail use of a process server, Rule 4(c)(2)(C)(ii), <u>is not available for subpoena service.</u>

Comment C45–9 to Fed. R. Civ. P. 45 (emphasis added); *see also Parker v. John Doe #1*, 2002 WL 32107937 (E.D.Pa. 2002) (holding that subpoena seeking name of anonymous internet authors was required to be personally served under Rule 45 and citing extensive authority for premise); *Firefighters Inst. for Racial Equality v. City of St. Louis*, 220 F.3d 898 (8th Cir. 2000) (holding service of subpoena on non-party via facsimile and U.S. mail failed to comply with personal service requirements of Rule 45).

3

10297-1/DSG/DSG/680903_v1

Even if Ecommerce had complied with Rule 45, the Court should not find a waiver when the issues concern the fundamental rights of absentees such as the non-party authors affected here. This is so because as explained below, even when the content is negative or even scathing, anonymous speech is a form of expressive conduct entitled to substantial First Amendment protection. Courts routinely recognize that these rights must not be taken lightly, nor are they subject to waiver unless and until the party seeking to pierce the First Amendment's veil of anonymity has satisfied the numerous procedural and substantive requirements. This Court should therefore reject Plaintiff's waiver arguments and address the merits of this dispute.

**B. A Party Seeking Anonymous Author Information Must Satisfy A Summary Judgment Standard**

As a starting point, four guiding principles should be noted. A thoughtful and helpful summary of these points is found in this Court's own opinion in the factually analogous case of *Best Western Int'l, Inc. v. Doe*:

> First, the [First] Amendment protects anonymous speech. The Supreme Court has noted that [a]nonymity is a shield from the tyranny of the majority. Indeed, [u]nder our Constitution, anonymous pamphleteering is not a pernicious, fraudulent practice, but an honorable tradition of advocacy and of dissent.
>
> Second, the protections of the First Amendment extend to the Internet. Courts have recognized the Internet as a valuable forum for robust exchange and debate. [] Courts also recognize that <u>anonymity is a particularly important component of Internet speech</u>. Internet anonymity facilitates the rich, diverse, and far ranging exchange of ideas [;] ... <u>the constitutional rights of Internet users, including the First Amendment right to speak anonymously, must be carefully safeguarded</u>.
>
> Third, courts have held that civil subpoenas seeking information regarding anonymous individuals raise First Amendment concerns.
>
> Fourth, the right to speak anonymously is not absolute.

*Best Western Int'l, Inc. v. Doe*, 2006 WL 2091695, *3 (D.Ariz. 2006) (emphasis added) (internal citations/quotations omitted) (citing/quoting *Buckley v. Am. Constitutional Law*

4

*Found.*, 525 U.S. 182, 200 (1999); *McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 357 (1995); *Reno v. ACLU*, 521 U.S. 844, 870 (1997); *Sony Music Entm't, Inc. v. Does 1-40*, 326 F.Supp.2d 556, 562 (S.D.N.Y. 2004)).

Strangely, Ecommerce cites *Best Western* as supporting its position. However, if this Court applies *Best Western* (as it should) the outcome of this case is very simple—Ecommerce's Motion to Compel must be denied. A review of *Best Western* demonstrates why this is so.

*Best Western* involved essentially the exact same fact pattern as the issue at bar. Best Western commenced litigation against "John Doe" defendants claiming that they posted defamatory statements on a website called www.FreeWrites.com. Because the statements were posted anonymously, Best Western requested permission from this Court to conduct accelerated discovery which included sending a subpoena to certain Internet Service Providers demanding information which would show the true identities of the authors. Thus, the facts of *Best Western* are identical to those here—Ecommerce is in the same shoes as the plaintiff Best Western and Xcentric is in the same position as the ISPs holding information about the anonymous authors.

Faced with this scenario, this Court reviewed a series of cases from outside Arizona including *Doe v. Cahill*, 884 A.2d 451, 456 (Del. 2005) and concluded that because of the important First Amendment considerations at stake, a plaintiff seeking this type of anonymous author information must first meet a higher level of proof than merely a "good faith" belief that their claims are meritorious—"Before a defamation plaintiff can obtain the identity of an anonymous defendant through the compulsory discovery process, he must support his defamation claim with facts sufficient to defeat a summary judgment motion." *Best Western* at * 4 (quoting *Cahill*, 884 A.2d at 460).

After deciding that a summary judgment standard should apply, this Court reviewed the evidence supplied by Best Western and determined that it was <u>not sufficient</u> to allow the plaintiff to obtain the information requested:

5

JABURG & WILK, P.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012

> BWI's complaint does not identify a single false statement allegedly made by the John Doe Defendants, identify a single item of confidential information posted on the site by Defendants, describe a single instance where BWI's mark was improperly used, explain how BWI was denied the benefits of its contracts, or explain how BWI equipment was improperly used. The complaint provides no factual support for BWI's claim that Defendants engaged in wrongful conduct not protected by the First Amendment.

*Best Western* at *5 (emphasis added). Because Best Western's Complaint was devoid of any description of the allegedly defamatory statements, and because no affidavits or other admissible evidence was supplied, this Court denied BWI's request finding, "more is needed before a defendant's First Amendment rights may be eliminated." *Id.*

A little more than a year after this Court's decision in *Best Western*, the Arizona Court of Appeals issued a similar decision in *Mobilisa v. Doe* which substantially agreed with and expanded upon *Best Western*. Specifically, as did this Court, the *Mobilisa* court held that a party seeking to uncover the identity of an anonymous Internet author must carry a higher burden than simply alleging a *prima facie* claim:

> We reject Mobilisa's assertion that we should adopt the less-stringent standards set forth in *Sony Music* and *Seescandy.com*. We agree with the *Cahill* [*v. Doe*] court that requiring a plaintiff to merely set forth a prima facie claim (*Sony Music*) or survive a motion to dismiss (*Seescandy.com*) would set the bar too low, chilling potential speakers from speaking anonymously on the internet. … We therefore adopt the second step from *Cahill* that requires the requesting party to demonstrate it would survive a motion for summary judgment filed by Doe on all of the elements within the requesting party's control-in other words, all elements not dependent upon knowing the identity of the anonymous speaker. Requiring the requesting party to satisfy this step furthers the goal of compelling identification of anonymous internet speakers only as a means to redress legitimate misuses of speech rather than as a means to retaliate against or chill legitimate uses of speech.

*Mobilisa*, 217 Ariz. at 111, 170 P.3d at 720 (emphasis added) (internal citations omitted).

Against this backdrop, it is apparent that Ecommerce's motion should be denied for the same reasons as in *Best Western*. This is so because Ecommerce's 5-page, pro-forma

6

Complaint (**Exhibit 2** to its Motion to Compel) suffers from the same flaws as in *Best Western* and is not sufficient under *Mobilisa*. Specifically, the Complaint does not identify a single false statement written by the anonymous author, nor does the Complaint contain any information which would aid the Court (or Xcentric) in understanding the factual basis for its claims beyond merely guessing:

> Upon information and belief, the Offending Post contains false and disparaging statements of fact about the products and services provided by [Ecommerce].

**Exhibit 2** to Ecommerce's Motion to Compel at ¶ 9, p. 3. Similarly, Ecommerce fails to offer any admissible evidence (such as an affidavit of an officer of Ecommerce) to support its contention that any of the statements posted about it are false. Such evidence would be required in order to defeat a Motion for Summary Judgment filed by the John Doe author and therefore such evidence is mandatory to allow Ecommerce to access the information it seeks from Xcentric.

Thus, Ecommerce cannot argue that, "the Complaint and attached Statement of Jason H. Fisher provide a *prima facie* showing of the anonymous poster's trade libel and defamation." Mot. at 6:15–16. This argument is based on the wrong standard; *Best Western* and *Mobilisa* expressly rejected the notion that a *prima facie* showing is enough to overcome the strong First Amendment protections enjoyed by the anonymous author.

Moreover, the Complaint itself (which is unverified and unsupported hearsay) does not specify which statements are false, and the declaration of Plaintiff's California counsel, Mr. Jason Fisher, is clearly not sufficient to support a summary judgment standard because Mr. Fisher's declaration does not demonstrate that he is a witness with personal knowledge of the facts underlying Ecommerce's claims. *See* Fed. R. Evid. 602 (stating: "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.")

Taken together, an unverified and conclusory Complaint and a statement by a lawyer who is not a witness with personal knowledge of the facts are not sufficient to

7

JABURG & WILK, P.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012

defeat a hypothetical Motion for Summary Judgment filed by the anonymous defendant(s); "A party may not resist a motion for summary judgment by general statements or allegations of counsel." *Matter of Estate of Kerr*, 137 Ariz. 25, 29–30, 667 P.2d 1351, 1355–56 (App. 1983) (citing *W.J. Kroeger Co. v. Travelers Indem. Co.*, 112 Ariz. 285, 541 P.2d 385 (1975)); *see also Gurr v. Willcutt*, 146 Ariz. 575, 581, 707 P.2d 979, 985 (App. 1985) (explaining to withstand summary judgment, a tort plaintiff must identify a question of fact concerning every element of the claim); *Orme School v. Reeves*, 166 Ariz. 301, 802 P.2d 1000 (1990) (conclusory statements are not sufficient to create questions of fact); *Menendez v. Paddock Pool Const. Co.*, 172 Ariz. 258, 836 P.2d 968 (App. 1991) (a conclusory affidavit is insufficient to create a genuine issue of fact).

Because Ecommerce has not identified any specific factual statements which are false and because it offers no admissible evidence to defeat a hypothetical summary judgment motion filed by the anonymous author, Ecommerce's Motion to Compel must be denied. As such, it is not necessary to consider the additional requirement discussed by the *Mobilisa* court which requires the Court to perform a balancing test to determine if the requested disclosure should be denied on any other grounds; "requiring a balancing of competing interests provides an additional safeguard that comports with Arizona's broad protection given to free speech and individual privacy." *Mobilisa*, 217 Ariz. at 112, 170 P.3d at 721.

If Ecommerce truly intends to pursue its claims against the anonymous author who posted the report at issue here, it is neither unfair nor unreasonable to insist that Ecommerce identify the exact statements at issue so that the Court may determine if those statements are actually capable of a defamatory meaning. Making such a threshold determination is always a question of law for the Court because even statements which are apparently false may not, in context, be defamatory. *See Knievel v. ESPN*, 393 F.3d 1069, 1074 (9th Cir. 2005) (explaining, "It is for the court to decide [whether a statement is actionable defamation] in the first instance as a matter of law.") (brackets in original) (quoting *Dworkin v. Hustler Magazine, Inc.*, 668 F.Supp. 1408, 1415 (C.D.Cal. 1987); *see*

8

*also Global Telemedia International, Inc. v. Doe*, 132 F.Supp.2d 1261, 1267 (C.D.Cal. 2001) (finding that statements posted on Internet message board were non-actionable as a matter of law because the statements were filled with "hyperbole, invective, short-hand phrases and language" which suggested the statements were the author's opinions).

If Ecommerce believes that the First Amendment rights of the anonymous author must yield to its need to perform discovery, it is not asking too much to require admissible evidence such as a sworn affidavit from an owner or officer with personal knowledge of the case. *Mobilisa* requires at least this much to ensure that a subpoena is used only to "redress legitimate misuses of speech rather than as a means to retaliate against or chill legitimate uses of speech." 217 Ariz. at 111, 170 P.3d at 720. The same is true here.

As a final point, Ecommerce makes a request for an award of attorney's fees in the amount of "at least $2,000" against Xcentric. No authority is cited for this request and because there is no basis for it, the request should be denied.

### III. <u>CONCLUSION</u>

The burden placed on any party seeking to overcome the protections of the First Amendment is not overwhelming. The party must simply demonstrate that it has a valid claim. This requires it to explain the claim and to produce at least some admissible evidence sufficient to defeat a hypothetical Motion for Summary Judgment filed by the absentee defendant. For any legitimate Plaintiff, this is hardly asking too much.

In terms of the actual showing required here, it is no more and no less than would be required in the case of a response to an actual Motion for Summary Judgment. As the non-moving party, Ecommerce would be entitled to favorable inferences and need not prove its case beyond all doubt. This much is clear. Of course, by the same token, Ecommerce cannot merely rest on its pleadings, nor may it rely on conclusory assertions or a complete absence of any evidentiary support. In light of the serious issues involved, as this Court wisely explained, "more is needed before a defendant's First Amendment rights may be eliminated." *Best Western* at *5.

9

JABURG & WILK, P.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012

For all of these reasons, the Court should deny Ecommerce's Motion to Compel, quash the subpoena pursuant to Fed. R. Civ. P. 45(c)(3)(A)(iii), and deny Ecommerce's request for attorney's fees.

DATED this 3rd day of October 2008.

**JABURG & WILK, P.C.**

s/Maria Crimi Speth
Maria Crimi Speth
David S. Gingras
Attorneys for Xcentric Ventures, L.L.C.

**CERTIFICATE OF SERVICE**

I hereby certify that on October 3, 2008 I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Donnelly A. Dybus, Esq.
**BUCHALTER NEMER**
16435 North Scottsdale Road, Suite 440
Scottsdale, AZ 85254-1754

Attorneys for Plaintiffs

With a COPY of the foregoing delivered to:

Honorable David G. Campbell
United States District Court
District of Arizona

s/Debra Gower

10297-1/DSG/DSG/680903_v1