BUCHALTER NEMER
*A Professional Corporation*
16435 North Scottsdale Road, Suite 440
Scottsdale, Arizona 85254-1754
Phone: (480) 383-1800
Fax: (480) 824-9400

Donnelly A. Dybus
State Bar Number 013819

Attorneys for Plaintiff
ECOMMERCE INNOVATIONS L.L.C.

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| ECOMMERCE INNOVATIONS L.L.C., a Nevada limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>DOES 1-10,<br><br>Defendants. | Case No. 2:08-MC-00093<br><br>[Pending in the Central District of California, Case No. CV08-04596]<br><br>**PLAINTIFF'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES REGARDING ITS MOTION TO COMPEL COMPLIANCE WITH SUBPOENA ISSUED TO XCENTRIC VENTURES, LLC, DBA RIPOFFREPORT.COM; AND DECLARATION OF DAVID STRAGER IN SUPPORT THEREOF**<br><br>**(Oral Argument Requested)** |

Plaintiff Ecommerce Innovations L.L.C., dba Inspired Silver ("Plaintiff" or "Inspired Silver"), respectfully submits the following Memorandum of Points and Authorities in Reply to the Response by third party XCentric Ventures, LLC, dba RipOffReport.com ("RipOffReport.com") to Plaintiff's Motion to Compel Compliance with its Subpoena in a Civil Case, which subpoena was issued on August 5, 2008, and provide relevant documents and information.

///

-1-
E1435.0006 BN 2338019v1
**REPLY MEMORANDUM RE: MOTION TO COMPEL COMPLIANCE WITH SUBPOENA**

## I. INTRODUCTION

In opposing Plaintiff's Motion to Compel, RipOffReport.com appears determined to shield whoever is anonymously posting the flagrantly defamatory post that was attached to and authenticated by the moving papers. Specifically, Exhibit "1" to the Jason Fisher Statement consists of the very post of which Plaintiff complains, which includes several false and misleading accusations, as follows:

(1) False Accusation No. 1: "Inspired Silver is an unethical online retail and Jewelry catalog company who would rather knock off jewelry designs. . . instead of paying their bills. . . ." "Their M.O. is [to] order goods [and not pay for them]."

(2) False Accusation No. 2: "Currently they owe my friend close to $25,000.00 (and it is over 190 days) wholesale cost to Accessories Rock."

(3) False Accusation No. 3: "[S]upplier[s] [are] ripped off. . . ."

(4) False Accusation No. 4: Inspired Silver sells sub-standard goods; and

(5) False Accusation No 5: Inspired Silver marks-up its inventory "3 or 4 times" over wholesale, and a friend's website, www.accessoriesrockjewelry.com, and will sell "better quality" inventory for "much less."

Each one of these allegations is false and defamatory, and apparently put forward by a "friend" of a competing jewelry website engaging in unfair competition. The post was purportedly submitted "Alan" of "Los Angeles, California," but is signed by a "Richard."

Although the moving papers have put forward competent evidence to support the five-part standard enunciated by this Court in *Best Western International, Inc. v. John Doe*, 2006 W.L. 2091695 (D. Ariz. 2006), out of an abundance of caution, Plaintiff is submitting herewith the Declaration of David Strager, the managing member of Inspired Silver, to ensure that the Court

-2-
E1435.0006 BN 2338019v1
**REPLY MEMORANDUM RE: MOTION TO COMPEL COMPLIANCE WITH SUBPOENA**

has a full presentation of the defamatory nature and ill-will of the anonymous post being protected by RipOffReport.com

## II. LEGAL ARGUMENT

### A. The Motion to Compel is Procedurally Sound

Initially, as set forth in Paragraph 6 of Mr. Fisher's Statement, RipOffReport.com took the position that "the most important question is whether or not efforts have been taken by the requesting party to give notice to the author that their identity may be revealed." Exhibit 3 to Fisher Statement, p. 1. Yet, once Plaintiff's counsel complied with RipOffReport.com's request by posting such notice, RipOffReport.com continued to resist.

Similarly, although counsel for RipOffReport.com initially advised Plaintiff's counsel that "you are welcome to serve the subpoena on my office," it now objects to such service. Exhibit 3 to Fisher Statement, p. 1.

Finally, in objecting to the Subpoena on September 12, 2008, RipOffReport.com insisted that Plaintiff "present a prima facie case of defamation to the court" before it would respond." Exhibit "6" to Fisher Statement. Even after such a presentation, RipOffReport.com continues to object.

### B. RipOffReport.com Failed to Timely Object to the Subpoena

In his July 18, 2008 e-mail, counsel for RipOffReport.com agreed to accept service of the Subpoena, which was thereafter sent to him. RipOffReport.com now takes the inconsistent positions that it was never served with the Subpoena but timely objected to it. Under Rule 45, however, any such objections were due the <u>earlier</u> of 14 days after service (August 21, 2008) or the return date. RipOffReport.com waited until the date for compliance (September 12, 2008), which was more than 14 days after service (August 5, 2008), to object, which was not timely.

### C. Plaintiff Laid a Proper Foundation for its Motion to Compel

The moving papers satisfied all of the five requirements to compel compliance with a subpoena in connection with anonymous internet postings as set forth by this Court in *Best Western*, as follows:

| | | |
|---|---|---|
| 1 | "(1) | a concrete showing of a *prima facie* claim of actionable harm; |
| 2 | (2) | the specificity of the discovery request; |
| 3 | (3) | the absence of alternative means to obtain the subpoenaed information; |
| 4 | (4) | a central need for the subpoenaed information to advance the claim; and |
| 5 | (5) | the Doe defendants' expectation of privacy." |

*Best Western, supra,* at * 4. In addition, the Plaintiff complied with the final requirement in *Best Western* to "give notice to the John Doe Defendants over the Internet site and afford them an opportunity to oppose the discovery." *Best Western, supra,* at *5.

Here, Plaintiff has specifically identified the defamatory statements in the anonymous post, made a narrowly tailored request for discovery, and showed that there is no way to proceed with its lawsuit without the requested information and no alternative means to obtain it.

In its Response to the present Motion, RipOffReport.com only contests the first requirement, a *prima facie* claim of actionable harm.

Under *Best Western*, the standard is as follows:

> "The court in *Cahill* described the test in these words: 'Before a defamation plaintiff can obtain the identity of an anonymous defendant through the compulsory discovery process, he must support his defamation claim with facts sufficient to defeat a summary judgment motion.' [Citation.] This standard does not require a plaintiff to prove its case as a matter of undisputed fact, but instead to produce evidence sufficient to establish the plaintiff's *prima facie* case:
>
> " '[T]o obtain discovery of an anonymous defendant's identity under the summary judgment standard, a defamation plaintiff must submit sufficient evidence to establish a *prima facie* case for each essential element of the claim in question. In other words, the defamation plaintiff, as the party bearing the burden of proof at trial, must introduce evidence creating a genuine issue of material fact for all elements of a defamation claim *within plaintiff's control.*' [Citation.]

"The emphasized words 'within plaintiff's control' recognize that a plaintiff at an early stage of the litigation may not possess information about the role played by particular defendants or other evidence that normally would be obtained through discovery. But a plaintiff must produce such evidence as it has to establish a *prima facie* case of the claims asserted in its complaint."

*Best Western*, supra, at *4.

Unlike in *Best Western* (where the plaintiff did not specify the statements about which it was complaining), the moving papers for the present Motion have attached the very anonymous post in dispute in full. Thus, RipOffReport.com's contention that Plaintiff has not identified a single false statement written by the anonymous author is not well taken. Plaintiff had attached the entire post. In addition, Plaintiff has also taken RipOffReport.com up on its invitation to submit "an affidavit of an officer." Response Memorandum p. 7:9-11.

Plaintiff will delay asking for a hearing on the present Motion for an extra 10 days in order to give RipOffReport.com an opportunity to further respond to Mr. Strager's newly-submitted Declaration.

Plaintiff's showing is sufficient to raise a triable issue of fact that would defeat a hypothetical summary judgment motion by the anonymous poster. Under federal and California law, the elements of trade libel and defamation, which are the First and Second Counts of Plaintiff's Complaint, are as follows:

(1) Under 15 U.S.C. section 1125(a)(1)(B), trade libel includes a "false or misleading description [or representation] of fact. . ." "in connection with any goods or services. . ." "in commerce. . ." [which] "misrepresents the nature, characteristics [or] qualities. . ." "[of] another person's goods, services, or commercial activities. . . ."

(2) Under California Civil Code sections 44 and 45, defamation in writing is termed "libel" and defined as "a false and unprivileged publication by writing, printing, picture, effigy, or other fixed representation to the eye, which exposes any person to hatred, contempt, ridicule, or

obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation."

The post accuses Plaintiff in interstate commerce of being unethical, engaging in tortuous or criminal activities (copyright infringement in knocking-off jewelry designs of others) and not paying its vendors. The anonymous post further accuses Plaintiff of ripping-off vendors, selling sub-standard goods and unfairly marking-up inventory for sale to the public. As Mr. Strager's Declaration confirms, these allegations by the anonymous poster are false and published with scienter with the intent to harm Plaintiff in its business. The anonymous poster also demonstrates his or her spite and ill-will toward Plaintiff and its owner by naming the owner's family, individually, and revealing their respective cities of residence. Plaintiff's showing would certainly survive a hypothetical motion for summary judgment and supports the issuance of an order by this Court compelling RipOffReport.com to comply with the Subpoena.

## III. CONCLUSION

Given the awful, invasive and untrue misrepresentations the anonymous poster made about Plaintiff that would easily support a claim for trade libel and defamation and the fact that the poster's identity is needed to pursue the lawsuit, the balance of the parties' competing interests clearly favor disclosure and compliance with the subpoena. A poster may not immunize himself or herself from liability for trade libel and defamation simply by insisting that a web provider maintain their anonymity. Plaintiff requests that this Court issue an order compelling RipOffReport.com to produce all documents requested in the subpoena within five days and to pay the reasonable costs and attorneys' fees incurred by Plaintiff in preparing, filing and arguing this Motion.

DATED this 13th day of October, 2008

BUCHALTER NEMER
A Professional Corporation

By: /s/ Donnelly A. Dybus
Donnelly A. Dybus
Attorneys for Plaintiff

-6-

E1435.0006 BN 2338019v1

**REPLY MEMORANDUM RE: MOTION TO COMPEL COMPLIANCE WITH SUBPOENA**

| | |
|---|---|
| 1 | ORIGINAL filed this 13th day of |
| 2 | October, 2008 and |
| 3 | COPY mailed this 13th day of October, 2008, to: |
| 4 | |
| 5 | David S. Gingras, Esq.<br>Jaburg & Wilk, P.C. |
| 6 | 3200 North Central Avenue, Suite 2000<br>Phoenix, AZ 85012 |
| 7 | Attorneys for XCentric Ventures, LLC, dba RipOffReport.com |
| 8 | |
| 9 | /s/ JoAnn Gillotte |