**BUCHALTER NEMER**
**A Professional Corporation**
16435 North Scottsdale Road, Suite 440
Scottsdale, Arizona 85254-1754
Phone: (480) 383-1800
Fax:   (480) 824-9400

Donnelly A. Dybus
State Bar Number 013819

Attorneys for Plaintiff
ECOMMERCE INNOVATIONS L.L.C.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| ECOMMERCE INNOVATIONS L.L.C., a Nevada limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> DOES 1-10, <br><br> Defendants. | Case No.  2:08-MC-00093 <br><br> [Pending in the Central District of California, Case No. CV08-04596] <br><br> **PLAINTIFF'S RESPONSE TO XCENTRIC VENTURES, LLC, DBA RIPOFFREPORT.COM'S SUR-REPLY AND OPPOSITION TO ITS MOTION FOR SANCTIONS; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> **(Oral Argument Requested)** |

Plaintiff Ecommerce Innovations L.L.C., dba Inspired Silver ("Plaintiff" or "Inspired Silver"), respectfully submits the following Memorandum of Points and Authorities in Response to the Sur-Reply by third party XCentric Ventures, LLC, dba RipOffReport.com ("RipOffReport.com") regarding Plaintiff's Motion to Compel compliance with its Subpoena In A Civil Case issued on August 5, 2008, and provide relevant documents and information.

**I. Introduction**

The issue for the Court to decide is whether Plaintiff has presented a *prima facie* case of trade libel and defamation that would create a genuine issue of material fact sufficient to deny a hypothetical defensive motion for summary judgment.  Although RipOffReport.com wishes to

have the Court adjudicate the anonymous poster's non-liability even at this early stage of litigation, Plaintiff's moving papers have presented a sufficient *prima facie* case to permit discovery to proceed. Given the blatant falsity of the anonymous poster's defamatory statements, Plaintiff's claims may not be defeated as a matter of law.

**II.     Argument**

Plaintiff's evidence raises triable issues of fact as to each of the five false accusations contained in the anonymous post.

**(a)     False accusation No. 1:** "Inspired Silver is an unethical online retail and Jewelry catalog company who would rather knock off jewelry designs being produced by their current manufacturer or wholesaler instead of paying their bills. . . .   Their M.O. is [to] order goods [and not pay for them]. . . ."

In response Mr. Strager explains, "Inspired Silver does not engage in, and has never been sued for, trademark, copyright or patent infringement and does not "knock-off" proprietary designs of other manufacturers or wholesalers. In addition, Inspired Silver is current on all of its bills to its vendors, save any that may be subject to legitimate dispute for lack of proper tender."

Since Inspired Silver's principal place of business is located in Los Angeles, California, the anonymous poster identifies himself as "Alan" from "Los Angeles, California," and the main action is pending in the Central District of California, it is likely that California law of defamation will govern.

The Sur-Reply wrongly attempts to argue that the poster's accusation of non-payment for goods is "substantially true and therefore non-actionable as a matter of law" – despite Mr. Strager's statement directly to the contrary: that Inspired Silver is current to its vendors except legitimate disputes. The fact that Inspired Silver may have legitimate disputes with vendors, which statement RipOffReport.com does not and cannot controvert, does not permit someone to make a blanket claim that Inspired Silver is not "paying their bills." Allegations of "business misconduct" in even a single transaction or "imputing credit unworthiness" may be libel *per se*. 5 Witkin, *Summary of California Law* (2008) Torts § 543.

As to the anonymous poster's allegations of being "unethical" and knocking-off jewelry

designs, "[t]he charge of commission of some kind of crime is obviously libel *per se*." 5 Witkin, *Summary of California Law*, supra, Torts § 542.

Here, the Sur-Reply engages in its own baseless speculation as to whether certain ring designs being offered by Inspired Silver were illegally copied from Tiffany & Co. – despite the uncontroverted statement by Mr. Strager that Inspired Silver has never been sued for trademark, copyright or patent infringement and does not knock-off proprietary designs of others. The exhibits attached to Mr. Gingras' Declaration in support of the Sur-Reply contain unauthenticated exhibits that purport to be from Tiffany & Co.'s website (Exhibits "A"-"D" and "F"-"G") along with his guesswork as to what works are original and what works are copies or "fakes." Mr. Gingras identifies himself as a litigation associate with Jaburg & Wilk, P.C., counsel for RipOffReport.com. Mr. Gingras does not identify himself as an expert in copyright infringement – let alone a person possessed of any personal knowledge as to the business practices of Tiffany & Co. or the location of its actual web domain name. Such an attorney declaration that lacks personal knowledge is inadmissible and should be stricken. Fed. R. Evid. 104(a), 601, 701, 801 and 901; *United States of America v. Bosurgi*, 530 F.2d 1105, 1111-1112 (2nd Cir. 1976); *Schiess-Froriep Corp. v. S.S. Finnsailor*, 574 F.2d 123, 126 (2nd Cir. 1978); *Carnrite v. Granada Hospital Group, Inc*., 175 F.R.D. 439, 441 (W.D.N.Y. 1997). At most, the Sur-Reply and Mr. Gingras' declaration would raise triable issues of fact that may not be disposed on summary judgment.

**(b)** **False accusation No. 2:** "Currently they owe my friend close to $25,000.00 (and it is over 190 days) wholesale cost to Accessories Rock but instead of honoring their fiduciary and moral obligations, would rather have another company make up the goods where the quality of those same goods also comes into question."

In response, Mr. Stranger explains that there is no such debt for $25,000.00 and that a much smaller debt of less than $8,000.00 is disputed – none of which is controverted. This certainly presents a genuine issue of fact as to the materiality of alleged non-payment in light of the actual disputed amount – as well as allegation that all of the money is "owe[d]" when there is still a good faith dispute over even the $8,000.00. Moreover, as to the charges of failing to honor

fiduciary and moral duties, "[f]alsely charging a person with 'a violation of confidence reposed in him or with treachery to his associates' is actionable *per se*." *Dethlefsen v. Stull*, 86 Cal.App.2d 499, 502 (1948). Plaintiff has presented a *prima facie* case of defamation that RipOffReport.com cannot dismiss as a matter of law.

**(c)** **False accusation No. 3:** "They find these companies by attending various jewelry trade shows, then use their company image of being a large company loving their products and wanting to order from them. What the supplier doesn't know is they are about to be ripped off themselves."

In response, Mr. Strager explains that Inspired Silver does not "rip-off" its vendors.

RipOffReport.com wrongly attempts to dismiss this allegation as mere opinion that is not actionable. However, a "statement of opinion is actionable where it implies allegation of undisclosed defamatory facts." 5 Witkin, *Summary of California Law*, *supra*, Torts § 544. Here, the anonymous poster is imputing all sorts of dishonest business practices, making this allegation defamatory and actionable.

**(d)** **False accusation No. 4:** The anonymous poster is accusing Inspired Silver of supplying Athra with sub-standard quality "cubic zirconia stones was not nearly as clear as they should be" and "lacking the morals and ethics that one should seek when doing business."

In response Mr. Strager explains that he had never heard of nor done any business with Athra – thus could not have been the one to supply Athra with the stones, bad quality or otherwise. Accordingly, the post is brazenly false. Even more, in *Rosenberg v. J.C. Penney Co*., 30 Cal.App.2d 609, 620 (1939), the court there found the display of a rival merchant's goods, with placards containing comments imputing dishonest business methods, to be both libel *per se* and trade libel. Again, Plaintiff's claims of defamation as to these clearly false allegations clearly would survive summary judgment.

**(e)** **False accusation No. 5:** "[A]nd just so you know, they are charging you 3 or 4 times more than what he sold it to them for. If you come to my friend's site www.accessoriesrockjewelry.com, assuming he has it as it is still in style, he will sell it for much less than what you will pay buying it through them, and most likely much better quality,

after all, they stuck him with excess inventory."

As explained by Mr. Strager, in actuality, while there is a price difference, the quality of the jewelry is the same. This is a defamatory swipe at the quality of Plaintiff's goods. Moreover, the allegation that Inspired Silver "stuck him with excess inventory" imputes that the inventory was wrongly returned – which is controverted and creates a triable issue of fact that cannot be dismissed on summary judgment as a matter of law.

The evidence that supports Plaintiff's claims of trade libel and defamation for any one of these five false defamatory allegations meets the standards enunciated by this Court in *Best Western International, Inc. v. John Doe*, 2006 W.L. 2091695 (D. Ariz. 2006). Such evidence does so by demonstrating a concrete showing of a *prima facie* claim that would survive a hypothetical summary judgment motion. Plaintiff has identified numerous triable issues of fact that may not be disposed as a matter of law, including false and defamatory allegations of unethical, illegal and tortuous business practices, non-payment of money owed in a sum certain, ripping-off suppliers, and selling sub-standard goods, among others.

**III.     Conclusion**

As this Court noted in *Best Western*, the right to speak anonymously is not absolute and defamatory and libelous speech are entitled to no constitutional protection. *Best Western*, *supra*, at *3.

> " 'Those who suffer damages as a result of tortuous or other actionable communications on the Internet should be able to seek appropriate redress by preventing the wrongdoers from hiding behind an illusory shield of purported First Amendment rights.' "

*Best Western*, *supra*, at *3, citing *In re Subpoena Duces Tecum to America On-Line, Inc*., 2000 W.L. 1210372, at *5 (Va. Cir. Ct. 2000).

Here, Plaintiff has met its burden to establish a *prima facie* case of its claims under *Best Western*. Plaintiff requests that this Court issue an order compelling RipOffReport.com to produce all documents requested in the subpoena within five days and to pay the reasonable costs

and attorneys' fees incurred by Plaintiff in preparing, filing and arguing this Motion and response papers.

DATED this 22nd day of October, 2008

BUCHALTER NEMER
A Professional Corporation

/s/ Donnelly A. Dybus
Donnelly A. Dybus
Attorneys for Plaintiff

ECF filed this 22nd day of
October, 2008 and

COPY mailed this 22nd day
of October, 2008, to:
Honorable Robert Budoff

-and-

David S. Gingras, Esq.
Jaburg & Wilk, P.C.
3200 North Central Avenue, Suite 2000
Phoenix, AZ 85012
Attorneys for XCentric Ventures, LLC, dba RipOffReport.com


/s/ JoAnn Gillotte