**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ecommerce Innovations L.L.C., a Nevada limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>Does 1-10,<br><br>Defendants.<br>_____<br><br>Xcentric Ventures, L.L.C., an Arizona company,<br><br>Third-Party.<br>_____ | No. MC-08-93-PHX-DGC<br><br>**ORDER** |

Plaintiff Ecommerce Innovations L.L.C. ("Ecommerce") is a jewelry retailer doing business under the name "Inspired Silver." Ecommerce conducts business from a retail location in Torrance, California and via the Internet website www.inspiredsilver.com. Ecommerce is owned by David Strager.

Xcentric Ventures, L.L.C. ("Xcentric") is an Arizona company that operates the website www.ripoffreport.com ("Ripoff Report"). As its name suggests, Ripoff Report is an online forum where users can read and post messages about businesses that purportedly have "ripped off" consumers in some manner.

On June 9, 2008, a disparaging message about Inspired Silver and Strager was posted on Ripoff Report. Dkt. #1-2 at 8. The author identified himself only as "Richard," and the message was posted under the user-name "Alan." *Id.*

On July 14, 2008, Ecommerce filed suit against various Doe Defendants in the Central District of California. Dkt. #1-2 at 12-17. The complaint identifies Does 1-5 as the authors, editors, and publishers of the message posted on Ripoff Report. *Id.* ¶ 5. The complaint asserts a federal trade libel claim under 15 U.S.C. § 1125(a) and a claim for defamation under California Civil Code § 44. *Id.* ¶¶ 14-18.

On August 5, 2008, this Court issued a subpoena requiring Xcentric to produce to Ecommerce all documents revealing the identity of the anonymous poster. Dkt. #1-2 at 23-25. Ecommerce served the subpoena on counsel for Xcentric and posted a notice on Ripoff Report that it has filed suit in the Central District of California, that it has subpoenaed the records of Xcentric in order to discover the identity of the anonymous poster, and that an objection to the subpoena may be filed with the Court anonymously. Dkt. #1-2 at 10, 24. Xcentric refused to comply with the subpoena on the ground that the information sought is protected by the First Amendment and may not be disclosed absent a court order. Dkt. #1-2 at 19-21.

Ecommerce has filed a motion to compel compliance with the subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure. Dkt. #1. The motion has been fully briefed. Dkt. ##3-5, 11, 13-14. For reasons explained below, the Court will grant the motion.[1]

**I.     Legal Standard.**

There clearly is a First Amendment right to anonymous Internet speech, but that right is not absolute and must be weighed against Ecommerce's need for discovery to redress alleged wrongs. *See Best Western Int'l, Inc. v. Doe*, No. CV-06-1537-PHX-DGC, 2006 WL 2091695, at *4 (D. Ariz. July 25, 2006). To obtain the identity of the anonymous poster,

---

[1] Ecommerce's request for oral argument is denied because the parties have thoroughly discussed the law and evidence and oral argument will not aid the Court's decision. *See Mahon v. Credit Bur. of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999).

Ecommerce must show that it would survive a motion for summary judgment on all elements of the trade libel or defamation claim within Ecommerce's control; that is, on all elements not dependent upon knowing the identity of the anonymous poster. *See id.* at *4-5; *Mobilisa, Inc. v. Doe*, 170 P.3d 712, 720 (Ariz. Ct. App. 2007). Placing this burden on Ecommerce "furthers the goal of compelling identification of anonymous internet speakers only as a means to redress legitimate misuses of speech rather than as a means to retaliate against or chill legitimate uses of speech." *Mobilisa*, 170 P.3d at 720; *see Best Western*, 2006 WL 2091695, at *5; *Doe v. Cahill*, 884 A.2d 451, 462-64 (Del. 2005).

**II. Analysis.**

Ecommerce claims that five statements made in the Ripoff Report message are defamatory:

1. "Inspired Silver is an unethical online retail and Jewelry catalog company who would rather knock off jewelry designs being produced by their current manufacturer or wholesaler instead of paying their bills."

2. "Currently they owe my friend close to $25,000 (and it is over 190 days) wholesale cost to Accessories Rock, but instead of honoring their fiduciary and moral obligations, would rather have another company make up the goods where the quality of those same goods also comes into question."

3. "They find these companies by attending various jewelry shows, then use their company image of being a large company loving their products and wanting to order from them. What the supplier doesn't know is they are about to be ripped off themselves."

4. "[T]he quality of the cubic zirconia stones was not nearly as clear as they should be" and "Inspired Silver is a company lacking the morals and ethics that one should seek when doing business."

5. "[T]hey are charging you 3 or 4 times more than what he sold it to them for. If you come to my friend's site www.accessoriesrockjewelry.com, assuming he has it as it is still in style, he will sell it for much less than what you will pay buying it through them, and most likely much better quality, after all, they stuck him with excess inventory."

Dkt. ##4 at 2, 14 at 2-5. Xcentric contends that these statements are not actionable because they constitute mere opinions or are either true or substantially accurate. Dkt. #11 at 3-10.

"Defamation 'involves the intentional publication of a statement of fact that is false, unprivileged, and has a natural tendency to injure or which causes special damage.'"

- 3 -

1  *Schussler v. Webster*, No. 07cv2016 IEG (AGB), 2008 WL 4350256, at *5 (S.D. Cal. Sept.
2  22, 2008) (citations omitted); *see* Cal. Civ. Code §§ 44-47; Restatement (Second) of Torts
3  § 558 (1977). The Court concludes that Ecommerce has presented evidence sufficient to
4  survive summary judgment with respect to the statement that Inspired Silver owes
5  Accessories Rock "close to $25,000" and this amount is overdue by more than "190 days."
6  Because this finding supports the granting of the motion to compel, and because the
7  underlying action is pending in the Central District of California, the Court will not address
8  the other alleged defamatory statements.

9  Several of the elements of Ecommerce's defamation claim are not in dispute. It is
10 clear that the alleged defamatory statements were intentionally published on Ripoff Report.
11 *See Schussler*, 2008 WL 4350256, at *5. The statements do not appear to be privileged. *See*
12 *id.* (citing Cal. Civ. Code. § 47). When read in the context of the entire message, the
13 statement that Inspired Silver has refused to pay Accessories Rock approximately $25,000
14 has a natural tendency to injure Inspired Silver's business reputation. *See Silva v. Hearst*
15 *Corp.*, No. CV97-4142 DDP(BQRX), 1997 WL 33798080, at *2 (C.D. Cal. Aug. 22, 1997)
16 (a statement is defamatory when it "has a tendency to injury [a person] in his occupation")
17 (citing Cal. Civ. Code § 45); *see also Tuyes v. Chambers*, 81 So. 265, 267 (La. 1919)
18 (statement that plaintiff was "trying to avoid and refuses to pay an honest debt" was libelous
19 per se).

20 With respect to the falsity of the statement, Mr. Strager has testified that "[u]nder no
21 circumstances does [Inspired Silver] owe $25,000 to Accessories Rock." Dkt. #5 ¶ 3(b).
22 Noting that Mr. Strager admits that a dispute exists between the two companies over $8,000,
23 Xcentric contends that the true amount of that dispute is irrelevant because the alleged
24 defamatory statement merely claims that Inspired Silver owes money to Accessories Rock.
25 Dkt. #11 at 7. To the contrary, the statement specifically claims that Inspired Silver owes
26 Accessories Rock "close to $25,000." Dkt. #1-2 at 8. While slight inaccuracies of
27 expression are immaterial, *see* Restatement (Second) of Torts § 581A, the difference of
28 $17,000 cannot be considered "slight." The Court therefore finds that the statement may be

deemed false for defamation purposes.

In summary, the Court concludes that Ecommerce has made a prima facie showing of defamation. Because Ecommerce lacks alternative means to obtain the subpoenaed information, and because the information is needed for Ecommerce to advance its claim, the Court will grant the motion to compel. Given this ruling, the Court need not address Ecommerce's argument that Xcentric has waived any objections to the subpoena.

The Court finds that Mr. Strager's declaration was not submitted in bad faith. The Court will therefore deny Xcentric's motion for sanctions under Rule 56(g).

**IT IS ORDERED:**

1. Plaintiff Ecommerce Innovations L.L.C.'s motion to compel compliance with subpoena (Dkt. #1) is **granted**.
2. Xcentric Ventures, L.L.C. shall comply with the subpoena (Dkt. #1-2 at 23-25) by **December 5, 2008**.
3. Xcentric Ventures, L.L.C.'s motion for sanctions (Dkt. #12) is **denied**.
4. The Clerk is directed to **terminate** this action.

DATED this 25th day of November, 2008.

*David G. Campbell*
David G. Campbell
United States District Judge