1  Maria Crimi Speth, #012574
   David S. Gingras, #021097
2  **JABURG & WILK, P.C.**
   3200 North Central Avenue, Suite 2000
3  Phoenix, Arizona 85012
   Tel: (602) 248-1000
4  Fax: (602) 248-0522

5  Attorneys for Xcentric Ventures, L.L.C.

6

7

8                    **UNITED STATES DISTRICT COURT**

9                         **DISTRICT OF ARIZONA**

10

11

12  ECOMMERCE INNOVATIONS, L.L.C.,          **Case No.:  2:08–MC–00093**
    a Nevada limited liability company,
13                                           **EMERGENCY MOTION FOR STAY;**
        Plaintiff,                           **MOTION FOR RECONSIDERATION;**
14                                           **NEW TRIAL AND TO REOPEN**
    v.                                       **RECORD AND, ALTERNATIVELY,**
15                                           **MOTION FOR STAY PENDING**
    DOES 1 through 10,                       **APPEAL**
16
        Defendants.
17

18        Non-party XCENTRIC VENTURES, L.L.C. ("Xcentric") respectfully moves the

19  Court for an order pursuant to Civil Local Rule 7.2(g)(1) and/or Fed. R. Civ. P. 59(a)

20  which reconsiders the Court's prior order and reopens the judgment (order) and record in

21  this matter based on newly discovered evidence which clearly demonstrates

22  fraud/misconduct by the plaintiff ECOMMERCE INNOVATIONS, L.L.C.

23  ("Ecommerce").  Based on these matters, this Court should reconsider and reverse its

24  prior ruling (Doc. #16) which granted Ecommerce's Motion to Compel.

25        In addition, Xcentric respectfully moves the Court for an emergency order staying

26  the effect of its November 26, 2008 ruling (Doc. #16) pending the disposition of this

27  motion.  As explained herein, newly discovered evidence unequivocally shows that the

28  Court's prior ruling is based on false testimony by Ecommerce.  This false testimony was

JABURG & WILK, P.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012

Dockets.Justia.com

the only evidence upon which the Court's previous order was based.  As such, that order must be reversed, and the Court should therefore stay the order while the instant motion is resolved.

In the event the Court denies the request to revisit its prior order, Xcentric further requests a stay of the Court's November 26, 2008 ruling pending appeal of this matter to the Ninth Circuit Court of Appeals.  The bases for each request are explained fully below.

Local Rule 7.2(g)(1) permits a party to seek reconsideration of a order for a variety of reasons including, but not limited to, newly discovered evidence.  Similarly, "Under Fed. R. Civ. P.59(a), the district court has the discretion to reopen a judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions." *Defenders of Wildlife v. Bernal*, 204 F.3d 920, 928–29 (9th Cir. 2000).  The standards for either motion are essentially the same:

> Defenders must establish that (1) the evidence was discovered after trial, (2) the exercise of due diligence would not have resulted in the evidence being discovered at an earlier stage and (3) the newly discovered evidence is of such magnitude that production of it earlier would likely have changed the outcome of the case.

*Bernal*, 204 F.3d at 929 (citing *Coastal Transfer Co. v. Toyota Motor Sales*, U.S.A., 833 F.2d 208, 211 (9th Cir.1987)).  Here, this Court should reconsider and reverse its prior ruling on Plaintiff's Motion to Compel based on fraud by the plaintiff.  Evidence has come to light which clearly and unequivocally establishes that the principal of Ecommerce, David Strager, made materially false statements of fact to the Court in his declaration.  The Court's decision to grant the Motion to Compel was based solely on Mr. Strager's false statements.  Standing alone, this warrants reversal of the Court's order.

Specifically, this Court found that Ecommerce had met its burden of establishing a *prima facie* defamation claim based on statements in Mr. Strager's declaration; "Mr. Strager has testified that '[u]nder no circumstances does Inspired Silver owe $25,000 to Accessories Rock."  The complete testimony by Mr. Strager as to this debt was as follows (*next page*):

JABURG & WILK, P.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012

> The real story as to Accessories Rock is that I ordered and returned product with this company in a customary fashion. Accessories Rock then attempted to make a further shipment to me C.O.D. which I rejected and returned. <u>It then claimed that my company owed it between $6,000 and $8,000 based on these orders, which I disputed.</u> <u>I have been in discussion with Accessories Rock's attorney regarding our dispute of less than $8,000.</u> Under no circumstances does my company owe $25,000 to Accessories Rock.

Declaration of David Strager (Doc. #5) at ¶ 3(b) (emphasis added). Based on Mr. Strager's sworn representation that he had been in discussions with the attorney for Accessories Rock "regarding our dispute of less than $8,000", and based on his avowal that no greater debt was owed, the Court found a *prima facie* showing of defamation.

Unfortunately, Mr. Strager blatantly lied to the Court. Submitted herewith are affidavits from the attorney for Accessories Rock, Ian Berkowitz, and the principal of Accessories Rock, Alan Frank.

As explained by Mr. Frank, Inspired Silver <u>does</u> in fact owe a debt to Accessories Rock for unpaid invoices totaling $<u>21,290.18</u>. In addition, the attorney for Accessories Rock, Mr. Berkowitz, sent a letter to Mr. Strager in April 2008 which demanded the amount of the unpaid invoices plus attorney's fees for a total demand of $<u>23,719.18</u>.

Whether Mr. Strager believes this debt is valid or not, there is no question that he made a materially false statement of fact to the Court when he represented that Accessories Rock "<u>claimed that my company owed it between $6,000 and $8,000 based on these orders</u> … ." The letter from Mr. Berkowitz to Mr. Strager clearly shows that the amount of the claim was $<u>23,719.18</u>, not "between $6,000 and $8,000". Mr. Strager simply lied to the Court about the amount of the claimed debt in an effort to make his story appear more credible.

In addition, regardless of whether Mr. Strager believes this debt is valid, there is no question that he made a materially false statement to the Court when he testified that "<u>I have been in discussion with Accessories Rock's attorney regarding our dispute of less than $8,000.</u>" The affidavit from Mr. Berkowitz and his letter to Mr. Strager clearly show

JABURG & WILK, P.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012

3

JABURG & WILK, P.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012

that this statement is false. The amount discussed between Mr. Berkowitz and Mr. Strager was $23,719.18, not "less than $8,000".

There can be no serious doubt about what has occurred here—Mr. Strager lied to the Court about these two material issues so that he could convince the Court to force Xcentric to reveal the identity of the anonymous author. This extremely serious misconduct is sufficient, standing along, to justify the Court's reversal of its prior determination that Ecommerce had met its burden of showing that it would survive a hypothetical Motion for Summary Judgment filed by the anonymous author.

None of this evidence could have been discovered sooner for two reasons. First, as the Court is aware, Ecommerce failed to identify any false statements in its original Motion to Compel, nor did it initially offer any evidence to support that motion. Rather, Ecommerce only addressed these issues for the first time in its Reply brief.

Because of this, Xcentric was only allowed a matter of days to submit a Sur-Reply addressing the new evidence and arguments set forth for the first time in Ecommerce's Reply. In addition, it is important to note that due to the posture of this matter, Xcentric has had no right to pursue discovery, nor was it evident that such discovery was needed until Xcentric received this information from Mr. Berkowitz and Mr. Frank which only occurred yesterday, December 4, 2008. In any event, Mr. Strager cannot legitimately argue that Xcentric should be faulted for not uncovering his lies sooner.

In addition, it is also important to note that this motion is markedly different from the usual request for reconsideration. This is so because the First Amendment issues here are unique in that if the Court erroneously allows an anonymous author's identity to be revealed based on a fabricated case, the resulting harm cannot be undone:

> An order compelling disclosure of an anonymous party's identity is essentially a mandatory injunction; both such orders change the status quo. Unlike most parties subject to a preliminary mandatory injunction, however, an unmasked anonymous speaker cannot later obtain relief from the order should the party seeking the speaker's identity not prevail on the merits of the lawsuit. Given this consequence, it is even more appropriate

4

to require the court to balance the parties' competing interests before permitting discovery on the identity issue.

*Mobilisa v. Doe*, 217 Ariz. 103, 112, 170 P.3d 712, 721 (App. 2007) (emphasis added).

As the Court explained in *Mobilisa*, the anonymity of the author at issue cannot be restored once it is lost if Mr. Strager does not prevail on the merits. Because of this, and because revealing this author's identity may have a very real chilling effect on others who wish to speak anonymously, this Court must exercise extreme caution here.

Xcentric firmly agrees that the First Amendment does not protect defamatory speech. However simply taking an unsupported declarant such as Mr. Strager at his word, "set[s] the bar too low, chilling potential speakers from speaking anonymously on the internet." *Mobilisa*, 217 Ariz. at 111.

Before he may overcome the weighty protection afforded by the First Amendment, Mr. Strager must carry the burden of proving that a *legitimate* case exists here. Rather than doing so, the evidence here clearly shows that Mr. Strager has lied to the Court not once, but <u>twice</u> (first with respect to his false denial of "knocking off" jewelry designs and second with respect to his false and misleading statements about the debt owed to Accessories Rock). No party with a *legitimate* claim would ever resort to such conduct.

For these reasons, Xcentric requests that the Court reopen the record in this matter and revisit its prior ruling in light of the statements of Mr. Berkowitz and Mr. Frank, and in light of the documents attached to their affidavits. This evidence, which was not available until only yesterday (and which Mr. Strager clearly had but which he did not disclose), shows that the statements regarding the $25,000 debt are true. Because this is so, the Court should not have found that Ecommerce met its burden under *Mobilisa*.

Keeping in mind the standard is whether Ecommerce could defeat a hypothetical Motion for Summary Judgment, it is clear that this burden has not been met. As explained in Xcentric's Reply to the Motion to Compel, although legitimate factual disputes normally preclude summary judgment, this principle does not apply when no reasonable juror could possibly believe one side's story:

JABURG & WILK, P.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012

5

JABURG & WILK, P.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012

> When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.

*Scott v. Harris*, 550 U.S. at ___, 127 S.Ct. 1769, 1776 (2007) (finding that where police chase was captured on videotape, summary judgment was proper even though fleeing suspect offered version of facts which were clearly inconsistent with events recorded on video).

Here, Accessories Rock has supplied invoices showing that goods were shipped to Inspired Silver. The principal of Accessories Rock, Mr. Frank, has testified that Inspired Silver failed to pay these invoices which total more than $21,000. Other than his clearly false testimony about demands made by Accessories Rock's attorney, Mr. Strager has offered nothing to support his denial of the validity of this debt. Of course, the plain language of Rule 56 provides this is insufficient to defeat summary judgment; "an opposing party may not rely merely on … denials in its own pleading … ."

Based on this record, the Court should reconsider its prior ruling and it should enter an order denying Ecommerce's Motion to Compel.

Alternatively, in the event the Court does not do so, Xcentric respectfully moves the Court for an order pursuant to Fed. R. Civ. P. 62(c) staying its Nov. 16th order pending appeal to the Ninth Circuit Court of Appeals. In its current form, the Court's order changes the *status quo* and requires the disclosure of confidential information which, once disclosed, cannot be "undisclosed". Therefore, if this request for a stay is denied, the effect will be to moot the appeal before the Court of Appeals is able to determine the propriety of the Court's ruling. This would improperly make the Court's existing order non-appealable. Standing alone, this a proper basis for a stay. *See Stop H-3 Ass'n v. Volpe*, 353 F.Supp. 14, (D.C. Hawaii 1972) (holding, "'A stay pending appeal, usually in the form of an injunction, is necessary only if what may be done under the judgment is beyond the power of the Court of Appeals to undo by its judgment.' Traditionally, the irreparable injury contemplated by Rule 62(c) is that which will make the appeal moot.")

6

1  (emphasis added) (quoting Moore's Federal Practice, Section 208.03) (citing *United States*
2  *v. El-O-Pathic Pharmacy*, 192 F.2d 62, 79 (9th Cir. 1951)).

3      Based on the above, Xcentric respectfully requests that the Court:

4  1.)     Stay the enforcement of its November 16, 2008 order pending the
5          disposition of this motion;

6  2.)     Reopen the record to admit the affidavits of Mr. Berkowitz and Mr.
7          Frank and the documents attached thereto;

8  3.)     Reconsider and reverse the Court's prior order granting the Motion to
9          Compel in light of the new evidence; and

10 4.)     In the event the Court does not reverse its ruling, issue an order pursuant
11         to Fed. R. Civ. P. 62(c) staying the November 16, 2008 order pending
12         appeal of this matter to the Ninth Circuit Court of Appeals.

13     DATED this 5th day of December 2008.

14

15                                          **JABURG & WILK, P.C.**

16                                          /s/ David S. Gingras
                                            Maria Crimi Speth
17                                          David S. Gingras
                                            Attorneys for Xcentric Ventures, L.L.C.

18

JABURG & WILK, P.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012

10297-1/DSG/DSG/693233_v1

## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2008 I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Donnelly A. Dybus, Esq.
**BUCHALTER NEMER**
16435 North Scottsdale Road, Suite 440
Scottsdale, AZ 85254-1754

Attorneys for Plaintiffs

With a COPY of the foregoing delivered to:

Honorable David G. Campbell
United States District Court
District of Arizona

s/David S. Gingras

10297-1/DSG/DSG/693233_v1