Maria Crimi Speth, #012574
David S. Gingras, #021097
**JABURG & WILK, P.C.**
3200 North Central Avenue, Suite 2000
Phoenix, Arizona 85012
Tel: (602) 248-1000
Fax: (602) 248-0522

Attorneys for Xcentric Ventures, L.L.C.

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| ECOMMERCE INNOVATIONS, L.L.C., a Nevada limited liability company,<br><br>    Plaintiff,<br><br>v.<br><br>DOES 1 through 10,<br><br>    Defendants. | Case No.: 2:08–MC–00093<br><br>**AFFIDAVIT OF IAN M. BERKOWITZ IN SUPPORT OF MOTION FOR NEW TRIAL AND REOPEN JUDGMENT/RECORD** |

I, Ian M. Berkowitz declare:

1. My name is Ian M. Berkowitz. I am a resident of the State of Florida, am over the age of 18 years, and if called to testify in court in this matter I could and would truthfully testify to the following facts based upon my own personal knowledge.

2. I am an attorney licensed to practice law in the State of Florida and I am currently employed by the firm of Berkowitz & Associates, P.A. in Boca Raton, Florida.

3. I represent Accessories Rock, Inc. with respect to a collection matter involving a debt owed by Inspired Silver which I understand is a d/b/a or an entity related to Ecommerce Innovations, L.L.C ("Ecommerce"). I am informed that Inspired Silver is operated or owned by David Strager ("Mr. Strager").

4. I have been informed that Ecommerce commenced this action based on an allegation that it has been defamed by certain information posted on the website www.RipoffReport.com.

5.  Specifically, I have been informed that Ecommerce and Mr. Strager allege that an anonymous author posted a report claiming that, among other things, Ecommerce had failed to pay a debt of "close to $25,000" owed to Accessories Rock.

6.  I have been informed that Mr. Strager has filed a declaration in this action dated October 13, 2008 in which he denies that this debt is owned. I understand that in his declaration, Mr. Strager made the following representation to the Court:

> The real story as to Accessories Rock is that I ordered and returned product with this company in a customary fashion. Accessories Rock then attempted to make a further shipment to me C.O.D. which I rejected and returned. It then claimed that my company owed it between $6,000 and $8,000 based on these orders, which I disputed. I have been in discussion with Accessories Rock's attorney regarding our dispute of less than $8,000. Under no circumstances does my company owe $25,000 to Accessories Rock.

7.  This representation is both false and misleading. Attached hereto as <u>Exhibit A</u> is a copy of a letter I wrote to Mr. Strager dated April 16, 2008 regarding the failure of Inspired Silver to pay numerous invoices owed to Accessories Rock which amounted to <u>$21,219.18</u>. Attached to the letter was a ledger documenting the invoices which comprised this debt. As the ledger shows, Inspired Silver failed to pay invoices from November 2007, December 2007, January 2008 and March 2008.

8.  As explained in the letter, Accessories Rock demanded payment of the unpaid invoices plus attorney's fees of $2,500 for a total demand of <u>$23,719.18</u>.

9.  After I sent the April 16, 2008 letter to Mr. Strager, I have had several communications with him about it. I am therefore certain that he received the letter and was aware of its contents.

10. Based on this, Mr. Strager's statement that Accessories Rock "<u>claimed that my company owed it between $6,000 and $8,000</u> ..." is materially false. As shown in my letter, the amount demanded was $23,719.18, not "between $6,000 and $8,000".

11. Mr. Strager's statement that he had "been in discussion with Accessories Rock's attorney regarding our dispute of less than $8,000" is also false and misleading.

2

Although Mr. Strager has attempted to resolve his debt owed to Accessories Rock for less than the full amount owed, the discussions have always been clear that Accessories Rock is owed at least $23,719.18, not including additional amounts for interest.

**WITNESSETH** I have read the foregoing and I declare under penalty of perjury that the facts stated therein are true and correct as of the date this Declaration was executed.

DATED: 12/5/08

IAN M. BERKOWITZ

JABURG & WILK, P.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012

10297-1/DSG/DSG/693235_v1

**CERTIFICATE OF SERVICE**

I hereby certify that on December 5, 2008 I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Donnelly A. Dybus, Esq.
**BUCHALTER NEMER**
16435 North Scottsdale Road, Suite 440
Scottsdale, AZ 85254-1754

Attorneys for Plaintiffs

With a COPY of the foregoing delivered to:

Honorable David G. Campbell
United States District Court
District of Arizona

s/David S. Gingras

4

10297-1/DSG/DSG/693235_v1

# EXHIBIT A

10297-1/DSG/DSG/693235_v1

# BERKOWITZ & ASSOCIATES, P.A.

ATTORNEYS AND COUNSELORS AT LAW
2101 NW CORPORATE BOULEVARD
SUITE 300
BOCA RATON, FLORIDA 33431

TELEPHONE (561) 982-7800
FACSIMILE (561) 982-8870
E-MAIL: IAN@BUSINESSCOUNSELOR.COM

IAN M. BERKOWITZ

OF COUNSEL

MAURICE BERKOWITZ
ALSO ADMITTED NEW YORK BAR

DAVID J. BERKOWITZ

April 16, 2008

**VIA US MAIL & CERTIFIED**
**RETURN/RECEIPT**
Mr. David Strager
Ms. Ann Strager
Inspired Silver
2675 Skypark Drive, Suite 204
Torrance, CA 90505

RE:   Outstanding Invoices

Dear Mr. and Mrs. Strager:

Please be advised that this law firm represents Accessories Rock, Inc. We are writing to you on behalf of our Client regarding your Company's failure to make payment on merchandise your Company has ordered and received. This firm was contacted by Karyn Frank, President of Accessories Rock, Inc., who has advised our firm that she has attempted to resolve these issues with your Company informally, but due to lack of resolution has now referred this matter to this office to resolve in a formal manner. We have reviewed the entire history between your Company and our Client including but not limited to emails, invoices, purchase orders and other correspondence to and from our Client.

As you are aware, your Company has been placing sales orders and purchase orders with our Client for the purchase of a variety of jewelry items since August of 2007. These orders were personally made by Ann Strager and/or Michelle Bayless over the last eight months. The terms and conditions for these orders were expressly discussed with the representatives of your Company during the order stage and also in writing by our Client, and such terms and conditions were acknowledged and agreed to by your Company. Such terms and conditions included that payment for all merchandise ordered and received was due and payable to our Client within 30 days of receipt of the merchandise. Additionally, if such items were deemed a special order or ordered via purchase order then they were considered "final sale", not subject to cancellation and also subject to our Client's no return or refund written policy. Our Client, in consideration of and induced by your Company's acknowledgement and agreement to these specific terms and conditions fulfilled these orders in a responsible and professional manner.

Mr. David and Ann Strager
April 16, 2008
Page 2

In order to resolve these issues in an amicable and non litigious manner, our Client has made repeated attempts to collect on these past invoices and demand payment in full for merchandise your Company has ordered and/or received. We understand that some of these invoices date back to November 2007. Your communication to my Client for your failure to pay runs the gamut from challenging bookkeeper issues to internal payment processing problems. What is clear is that our Client has provided you with substantial merchandise and is legally entitled payment. Our Client has requested for this office to immediately proceed with enforcement of their demand for payment.

Based upon the review of all the invoice materials received by our office, we hereby make immediate demand, on behalf of our Client, in the amount of Twenty One Thousand Two Hundred and Nineteen ($21,219.18) Dollars and 18/100. You are hereby advised that our Client is seeking additional costs and expenses for previously non-billed shipping expenses, which they are entitled to based upon the terms and conditions of the sale, and legal costs and fees in the amount of Twenty Five Hundred ($2,500.00) Dollars bringing this demand to a total of Twenty Three Thousand Seven Hundred and Nineteen ($23,719.18) Dollars and 18/100. Such payment shall be made payable to this firm for the total amount and received in this office no later than April 30, 2008.

Failure to remit payment in full to this office by the date requested shall leave my Client no choice but to proceed against your Company with any and all legal remedies available to them. You should be aware that my Client is also prepared to notify the Better Business Bureau and any and all business and industry governance associations and organizations related to your Company's callous conduct.

PLEASE DO NOT IGNORE THIS LETTER AND GOVERN YOURSELF ACCORDINGLY!

Sincerely,

BERKOWITZ & ASSOCIATES, P.A.

By: *[signature]*
Ian M. Berkowitz, Esq.

IMB/nem
cc: Accessories Rock

# Accessories Rock, Inc.
## Customer Open Balance
### All Transactions

| Type | Date | Num | Memo | Due Date | Open Balance | Amount |
|---|---|---|---|---|---|---|
| **Inspired Silver** | | | | | | |
| Invoice | 11/28/2007 | ARW-... | | 11/28/2007 | 5,589.41 | 5,589.41 |
| Invoice | 11/29/2007 | 1166 | | 11/29/2007 | 4,504.89 | 4,504.89 |
| Invoice | 12/4/2007 | 1174 | | 12/4/2007 | 446.04 | 446.04 |
| Invoice | 12/6/2007 | 1180 | | 12/6/2007 | 207.00 | 207.00 |
| Invoice | 12/14/2007 | 1196 | | 12/14/2007 | 2,963.70 | 2,963.70 |
| Invoice | 12/14/2007 | 1197 | | 12/14/2007 | 1,046.04 | 1,046.04 |
| Invoice | 12/21/2007 | 1207 | | 12/21/2007 | 1,948.93 | 1,948.93 |
| Invoice | 1/23/2008 | 1232 | | 1/23/2008 | 1,370.08 | 1,370.08 |
| Invoice | 3/10/2008 | 1282 | | 3/10/2008 | 3,214.09 | 3,214.09 |
| **Total Inspired Silver** | | | | | 21,290.18 | 21,290.18 |
| **TOTAL** | | | | | 21,290.18 | 21,290.18 |