1  **BUCHALTER NEMER**
   *A Professional Corporation*
2  16435 North Scottsdale Road, Suite 440
   Scottsdale, Arizona 85254-1754
3  Phone: (480) 383-1800
   Fax:   (480) 824-9400
4
   Donnelly A. Dybus
5  State Bar Number 013819
6  Attorneys for Plaintiff
   ECOMMERCE INNOVATIONS L.L.C.
7

8                  **UNITED STATES DISTRICT COURT**

9                       **DISTRICT OF ARIZONA**

10

11 ECOMMERCE INNOVATIONS L.L.C., a          Case No.  2:08-MC-00093
   Nevada limited liability company,
12                                          [Pending in the Central District of
                    Plaintiff,             California, Case No. CV08-04596]
13
              vs.                          **PLAINTIFF'S OPPOSITION
14                                         TO MOTION BY
   DOES 1-10,                              XCENTRIC VENTURES, LLC,
15                                         DBA RIPOFFREPORT.COM
                    Defendants.            FOR RECONSIDERATION, ETC.
16                                         OF ORDER GRANTING
                                           MOTION TO COMPEL
17                                         COMPLIANCE WITH SUBPOENA;
                                           MEMORANDUM OF POINTS AND
18                                         AUTHORITIES; DECLARATION
                                           OF DAVID STRAGER IN SUPPORT
19                                         THEREOF**

20

21        Plaintiff Ecommerce Innovations L.L.C., dba Inspired Silver ("Plaintiff" or

22 "Inspired Silver"), respectfully submits the following Memorandum of Points and Authorities in

23 Opposition to the Motion by third party Xcentric Ventures, LLC, dba RipOffReport.com

24 ("Xcentric Ventures") for Reconsideration, New Trial and to Reopen Record and Alternatively,

25 Motion to Stay Pending Appeal.

26 ///

27 ///

28

# I. INTRODUCTION

After this Court granted Plaintiff's Motion to Compel, Xcentric Ventures brought the present Motion for Reconsideration, etc. on only one of the five grounds on which the underlying Motion was based. All that was required to grant the underlying Motion was a single disputed issue of material fact regarding the false and misleading accusations contained in the anonymous posting. The one ground, relied on in the Court's Order granting the underlying Motion, on which the present Motion focuses is the dollar amount that the anonymous poster charged Plaintiff as currently owing Accessories Rock: namely $25,000.00.

Xcentric Ventures has now enlisted the aid of representatives of Accessories Rock in an effort to contradict Plaintiff, but they fail to do so. They fail to present the complete picture of their interactions, namely that the collection attorney for Accessories Rock had to recalculate the total amount owing in light of credits that were owing to Plaintiff for merchandise that was returned, refused or never delivered. As explained in the Declaration of David Strager filed concurrently herewith, he discussed with Accessories Rock's attorney that a final accounting would show an amount owing of somewhere between $6,000 and $8,000 based upon the unpaid order. And, in fact, the net calculation for the relevant time period showed a balance of $6,491.60.

Accordingly, Mr. Strager stands by his earlier statement that under no circumstance did Inspired Silver owe $25,000.00 to Accessories Rock.

Given that there still remains a disputed issue of material fact as to the anonymous poster's defamatory allegation of a substantial amount of money "currently" owed by Plaintiff, and that there are still four other independent grounds for which a genuine issue of material fact remains (and this Court, as it correctly stated in its original decision, only needs to rule that *one* of them constitutes solely a *prima facie* showing in order for Plaintiff's original motion to compel to be granted), the present Motion for Reconsideration should be denied.

Moreover, the matter should not be stayed pending any appeal that may follow because the information sought by the Subpoena is time-sensitive. The Subpoena requests certain electronic information about the anonymous poster that may be presented to an internet service

provider to identify that poster. (If Xcentric Ventures complies with the subpoena, as it should do pursuant to this Court's Order, the information/documentation produced will, *inter alia*, identify the internet service provider, which will then theoretically be able to identify the author of the defamatory post). Some internet service providers, however, only maintain this electronic data for approximately six to nine months. And since the anonymous posting was made back in June 2008 and any appeal would take several more months, at a minimum, there is a risk that the subpoenaed information will become worthless if this matter is stayed pending appeal.

## II.    LEGAL ARGUMENT

Plaintiff's evidence in support of the underlying Motion raised triable issues of fact as to each of the five false accusations contained in the anonymous post, and in order to grant the underlying Motion to Compel, this Court only needed to find that at least one can potentially be defamatory.

(1)    False Accusation No. 1: "Inspired Silver is an unethical online retail and Jewelry catalog company who would rather knock off jewelry designs. . . instead of paying their bills. . . ." "Their M.O. is [to] order goods [and not pay for them]."

(2)    False Accusation No. 2: "Currently they owe my friend close to $25,000.00 (and it is over 190 days) wholesale cost to Accessories Rock but instead of honoring their fiduciary and moral obligations, would rather have another company make up the goods where the quality of those same goods also comes into question."

(3)    False Accusation No. 3: "[S]upplier[s] [are] ripped off. . . ."

(4)    False Accusation No. 4: Inspired Silver sells sub-standard goods; and

(5)    False Accusation No 5: Inspired Silver marks-up its inventory "3 or 4 times" over wholesale, and a friend's website, www.accessoriesrockjewelry.com, and will sell "better quality" inventory for "much less."

///

The present Motion only addresses False Accusation No. 2. However, as explained by Mr. Strager, the outstanding balance owing to Accessories Rock during the relevant time period did not exceed $6,491.60. Declaration of David Strager ("Strager Declr.") ¶ 2. He discussed with Accessories Rock's attorney that a final accounting would show an amount owing of somewhere between $6,000 and $8,000 based upon the unpaid orders. Strager Declr. ¶ 2. "This was the range that he and I were negotiating in terms of settlement." *Ibid*. When Plaintiff was properly given credit for items that were returned, never received or refused delivery, the net calculation for the relevant time period showed a balance of $6,491.60. Strager Declr. ¶ 3 and Exhibits "1" through "4" thereto. Thus, under no circumstance did Plaintiff owe $25,000.00 to Accessories Rock. Strager Declr. ¶ 4.

The evidence that supports Plaintiff's claims of trade libel and defamation related to a false debt of $25,000.00 – or for any one of the other five false defamatory allegations – meets the standards enunciated by this Court in *Best Western International, Inc. v. John Doe*, 2006 W.L. 2091695 (D. Ariz. 2006). Such evidence does so by demonstrating a concrete showing of a *prima facie* claim that would survive a hypothetical summary judgment motion. Plaintiff has identified numerous triable issues of fact that may not be disposed as a matter of law, including false and defamatory allegations of unethical, illegal and tortuous business practices, non-payment of money owed in a sum certain, ripping-off suppliers, and selling sub-standard goods, among others.

In addition, Xcentric Ventures has not presented a satisfactory reason for the piecemeal nature of its presentation of evidence or why it took so long to obtain.[1] On August 5, 2008, Plaintiff served its Subpoena on counsel for Xcentric Ventures, who resisted compliance and immediately began to meet and confer. On September 23, 2008, Plaintiff filed its Motion to Compel and attached a copy of the anonymous posting that contained the defamatory material. On October 3, 2008, and again on October 15, 2008, Xcentric Ventures filed a response and a sur-

---

[1] In addition, the evidence presented by Ian M. Berkowitz, as counsel for Accessories Rock, is suspect. Specifically, Exhibit "A" to Mr. Berkowitz's Declaration purports to be a letter dated April 16, 2008 and a computerized ledger "[a]ttached to the letter." *See*, Ian M. Berkowitz Declaration ¶ 7. The computerized ledger, however, is dated "12/04/08" on the top left corner so it could not have been attached to a letter sent close to eight months prior.

response to the Motion, trying to undercut the evidence on which it was based. There is no explanation as to why Xcentric Venture's collaboration with Accessories Rock took another one and one-half months to materialize in the present Motion for Reconsideration, etc. Xcentric Ventures should not be permitted to continue to delay the production of the subpoenaed documentation which is time-sensitive.

**III.     Conclusion**

As this Court noted in *Best Western*, the right to speak anonymously is not absolute and defamatory and libelous speech are entitled to no constitutional protection. *Best Western*, *supra*, at *3.

> " 'Those who suffer damages as a result of tortuous or other actionable
> communications on the Internet should be able to seek appropriate redress by
> preventing the wrongdoers from hiding behind an illusory shield of purported
> First Amendment rights.' "

*Best Western*, *supra*, at *3, citing *In re Subpoena Duces Tecum to America On-Line, Inc.*, 2000 W.L. 1210372, at *5 (Va. Cir. Ct. 2000).

The Court ruled correctly in its previous order and should stand by that ruling, since herein, Plaintiff has met its burden to establish a *prima facie* case of at least one of its claims under *Best Western*; and Xcentric Ventures has not, because it cannot, show that Plaintiff has not made a *prima facie* case showing. Plaintiff requests that this Court deny Xcentric Venture's Motion for Reconsideration, etc. and not stay its ruling pending appeal as the delay may serve to make the discovery moot.

DATED this 19th day of December, 2008

BUCHALTER NEMER
A Professional Corporation


/s/ Donnelly A. Dybus
Donnelly A. Dybus
16435 N. Scottsdale Road, Suite 440
Scottsdale, Arizona 85254
Attorneys for Plaintiff

**OPPOSITION TO MOTION FOR RECONSIDERATION**

ORIGINAL electronically filed this 19th day of
December, 2008

COPY mailed this 19th day of
December, 2008, to:

David S. Gingras, Esq.
Jaburg & Wilk, P.C.
3200 North Central Avenue, Suite 2000
Phoenix, AZ  85012
Attorneys for Xcentric Ventures, LLC, dba RipOffReport.com


/s/ JoAnn Gillotte