**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Ecommerce Innovations L.L.C., a Nevada limited liability company, | ) ) ) | No. MC-08-93-PHX-DGC |
| | ) | **ORDER** |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| Does 1-10, | ) ) | |
| Defendants. | ) ) | |
| Xcentric Ventures, L.L.C., an Arizona company, | ) ) ) ) | |
| Third-Party. | ) ) ) | |

The Court issued an order granting a motion to compel compliance with subpoena filed by Ecommerce Innovations L.L.C. ("Ecommerce"). *See* Dkt. ##1, 16. Xcentric Ventures, L.L.C. ("Xcentric") has filed a motion for reconsideration of that order and an alternative motion for a stay pending appeal. Dkt. #17. Ecommerce has filed a response. Dkt. #21. For reasons stated below, the Court will deny the motions.

**I.  Background.**

Ecommerce is a jewelry retailer doing business under the name "Inspired Silver." Ecommerce conducts business from a retail location in Torrance, California and via the Internet website www.inspiredsilver.com. Ecommerce is owned by David Strager.

Accessories Rock, Inc. is a jewelry retailer located in Boca Raton, Florida. Inspired Silver ordered jewelry from Accessories Rock between August 2007 and March 2008.

Xcentric is an Arizona company that operates the website www.ripoffreport.com ("Ripoff Report"). As its name suggests, Ripoff Report is an online forum where users can read and post messages about businesses that purportedly have "ripped off" consumers in some manner.

On June 9, 2008, a disparaging message about Inspired Silver and Strager was posted on Ripoff Report. Dkt. #1-2 at 8. The author identified himself only as "Richard," and the message was posted under the user-name "Alan." *Id.* The message included the following statement:

> Currently they owe my friend close to $25,000 (and it is over 190 days) wholesale cost to Accessories Rock, but instead of honoring their fiduciary and moral obligations, would rather have another company make up the goods where the quality of those same goods also comes into question.

Dkt. ##4 at 2, 14 at 3.

On July 14, 2008, Ecommerce filed suit against various Doe Defendants in the Central District of California. Dkt. #1-2 at 12-17. The complaint identifies Does 1-5 as the authors, editors, and publishers of the message posted on Ripoff Report. *Id.* ¶ 5. The complaint asserts a federal trade libel claim under 15 U.S.C. § 1125(a) and a claim for defamation under California Civil Code § 44. *Id.* ¶¶ 14-18.

On August 5, 2008, this Court issued a subpoena requiring Xcentric to produce to Ecommerce all documents revealing the identity of the anonymous poster. Dkt. #1-2 at 23-25. Ecommerce served the subpoena on counsel for Xcentric. *Id.* at 24-26. Xcentric refused to comply with the subpoena on the ground that the information sought is protected by the First Amendment and may not be disclosed absent a court order. *Id.* at 19-21.

Ecommerce filed a motion to compel compliance with the subpoena. Dkt. #1. The Court granted the motion in an order filed November 26, 2008, concluding that Ecommerce had made a prima facie showing of defamation. Dkt. #16 at 5. The Court found that when read in the context of the entire message, the statement that Inspired Silver has refused to pay

Accessories Rock approximately $25,000 has a natural tendency to injure Inspired Silver's business reputation. *Id.* at 4 (citations omitted). The Court further found that the statement could be found to be materially false in light of Mr. Strager's testimony that "[u]nder no circumstances does [Inspired Silver] owe $25,000 to Accessories Rock." *Id.* (citing Dkt. #5 ¶ 3(b)).

Xcentric filed the instant motions on December 5, 2008. Dkt. #17. The Court stayed its order compelling compliance with the subpoena pending a ruling on the motions. *See* Dkt. #20.

## II.     The Motion for Reconsideration.

Motions for reconsideration are disfavored and should be granted only in rare circumstances. *See Ross v. Arpaio*, No. CV 05-4177-PHX-MHM (ECV), 2008 WL 1776502, at *2 (D. Ariz. April 15, 2008) (citing *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995)). Courts in this district have identified four circumstances where a motion for reconsideration will be granted: (1) the moving party has discovered material differences in fact or law from those presented to the Court at the time of its initial decision, and the party could not previously have known of the factual or legal differences through the exercise of reasonable diligence, (2) material factual events have occurred since the Court's initial decision, (3) there has been a material change in the law since the Court's initial decision, or (4) the moving party makes a convincing showing that the Court failed to consider material facts that were presented to the Court at the time of its initial decision. *See, e.g.*, *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003). Xcentric asserts the first ground – newly discovered evidence.

Relying on affidavit testimony of counsel for Accessories Rock and one of its principals, Xcentric asserts that newly discovered evidence shows that Mr. Strager lied to the Court when he testified that under no circumstances does Inspired Silver owe $25,000 to Accessories Rock. Dkt. #17 at 3. Counsel for Accessories Rock, Ian Berkowitz, has testified that Inspired Silver refused to pay invoices and Accessories Rock has demanded payment of more than $23,000. Dkt. #18. Mr. Berkowitz has submitted an April 2008 letter from

1  Accessories Rock to Inspired Silver corroborating his testimony. *Id.* A principal of
2  Accessories Rock, Alan Frank, has testified that the unpaid invoices show that Inspired
3  Silver does in fact owe a debt to Accessories Rock of close to $25,000. Dkt. #19. Xcentric
4  contends that this evidence would entitle it to summary judgment on the defamation claim
5  and Ecommerce has therefore failed to make a prima facie showing of defamation. Dkt. #17
6  at 5-6.

In response, Ecommerce presents an affidavit from Mr. Strager in which he stands by his earlier testimony that Inspired Silver does not owe $25,000 to Accessories Rock. Dkt. #21-2. Mr. Strager states that the demand of more than $23,000 failed to include credits owed to Inspired Silver for items it refused, never received, or returned to Accessories Rock. *Id.* ¶¶ 2-3. Mr. Strager further states that, as he discussed with counsel for Accessories Rock, a final accounting would show an outstanding balance of $8,000 or less. *Id.* ¶ 2.

As noted in the Court's previous order, to obtain the identity of an anonymous poster, Ecommerce must show that it would survive a motion for summary judgment on all elements of the trade libel or defamation claim within its control; that is, on all elements not dependent on knowing the identity of the anonymous poster. Dkt. #16; *see Best Western Int'l, Inc. v. Doe*, No. CV-06-1537-PHX-DGC, 2006 WL 2091695, at *4-5 (D. Ariz. July 25, 2006); *Mobilisa, Inc. v. Doe*, 170 P.3d 712, 720 (Ariz. Ct. App. 2007). Considering the new evidence submitted by Xcentric in the motion to reconsider, the Court still concludes that Ecommerce would survive a motion for summary judgment. The parties' sworn statements present competing versions of the facts – versions that could be sorted out only through credibility determinations. Credibility determinations, of course, are not made at the summary judgment stage. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Rather, courts accept the nonmoving party's evidence as true and decide whether that evidence could support a jury verdict. If so, summary judgment is denied. *Id*. Accepting Mr. Strager's testimony as true, the Court finds that Ecommerce would survive a motion for summary judgment and has therefore made a prima facie showing of defamation with respect to the statement that Inspired Silver has refused to pay Accessories Rock approximately

1  $25,000. Ecommerce is therefore entitled to obtain the information sought in the subpoena
2  and the Court will deny Xcentric's motion for reconsideration.

**III.     The Motion for Stay Pending Appeal.**

"In ruling on a motion for a stay pending appeal, [courts] employ 'two interrelated legal tests' that 'represent the outer reaches of a single continuum.'" *Golden Gate Rest. Ass'n v. City & County of S.F.*, 512 F.3d 1112, 1115 (9th Cir. 2008) (quoting *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983)). "'At one end of the continuum, the moving party is required to show both a probability of success on the merits and the possibility of irreparable injury." *Id.* "'At the other end of the continuum, the moving party must demonstrate that serious legal questions are raised and that the balance of hardships tips sharply in its favor.'" *Id.*

Xcentric has not shown a probability of success on the merits. Xcentric contends that Inspired Silver has failed to pay invoices totaling $21,000 and "Mr. Strager has offered nothing to support his denial of this debt." Dkt. #17 at 6. This is not correct. As noted above, Mr. Strager has testified that the actual debt is no more than $8,000 once credits are appropriately applied to the account. Dkt. #21-2 ¶¶ 2-3. Ecommerce has established a sufficient prima facie case to obtain the identities of anonymous poster under the standards set forth in the Court's prior order. Dkt. #16.

The Court does conclude, however, that Xcentric has raised serious questions. The standard to be applied in discovering the identities of anonymous Internet posters, and whether the evidence in this case meets that standard, are serious questions that have not been addressed by the Ninth Circuit.

The Court also concludes that the balance of hardship tips sharply in Xcentric's favor. Once the identity of the anonymous poster is revealed, relief from the Ninth Circuit will no longer be available to Xcentric. Denial of the stay will thus impose on Xcentric the hardship of losing this dispute and the First Amendment rights it seeks to protect. Ecommerce does not face a similar risk of hardship. The Court can protect Ecommerce by ordering that Xcentric retain all information in its possession concerning the identities and actions of the

anonymous poster in this case. Ecommerce argues that such an order will not protect its interests because Ecommerce seeks, among other information, the ISP addresses of the anonymous poster, and the ISP provider may not itself retain information Ecommerce needs until the Court of Appeals rules. The Court is not persuaded. First, this dispute concerns a single Internet poster who obviously is affiliated with Accessories Rock. Ecommerce may well be able to obtain the poster's identity from Accessories Rock. In addition, it would appear that Xcentric possesses more information concerning the identity of the poster than simply an ISP address. Otherwise, it is unlikely Xcentric would be making the First Amendment assertions at issue in this case. Finally, Ecommerce provides no supporting evidence or citation for its position that evidence will be lost during an appeal.

The Court concludes that this case raises serious questions and the balance of hardships tips sharply in favor of Xcentric. The Court will therefore stay the enforcement of its order pending completion of the appeal in this case and any further proceedings in this Court.

**IT IS ORDERED:**

1. Xcentric Ventures, L.L.C.'s motion for reconsideration (Dkt. #17) is **denied**.
2. Xcentric Ventures, L.L.C.'s alternative motion for a stay pending appeal (Dkt. #17) is **granted**.
3. Xcentric Ventures, L.L.C. is ordered to retain all information currently within its possession, custody, or control concerning the identities and actions of the anonymous poster at issue in this case until completion of any appeal in this matter and any further proceedings in this Court.

DATED this 10th day of February, 2009.

_____
David G. Campbell
United States District Judge