DANIEL G. KNAUSS
United States Attorney
District of Arizona

Beverly R. McCallum
Assistant U.S. Attorney
4035 South Avenue A
Yuma, Arizona 85365
Florida State Bar No. 639788
Telephone (928) 344-1087
beverly.mccallum@usdoj.gov

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>Ramon Frias-Frias,<br>a.k.a. Ramon Frias,<br><br>　　　　　　Defendant. | No. CR-**CR '07 0 2 45 PHX FJM**<br><br>MAGISTRATE NO. 07-1481M<br><br>**PLEA AGREEMENT**<br><br>(Fast Track 5K3.1)<br><br>(Defendant Not on Supervised Release) |

The United States of America and the defendant agree to the following disposition of this matter:

PLEA

The defendant agrees to plead guilty to the Information charging the defendant with a violation of Title 8, United States Code, Section 1326(a), enhanced by Title 8, United States Code, Section 1326(b)(1), Reentry After Deportation, a class C felony.

STIPULATIONS, TERMS AND AGREEMENTS

Defendant understands that the guilty plea is conditioned upon the following terms, stipulations, and requirements:

## Maximum Penalties

A violation of Title 8, United States Code, Section 1326(a), enhanced by 1326(b)(1), is punishable by a maximum fine of $250,000.00, a maximum term of imprisonment of 10 years, or both and a term of supervised release of up to 3 years and a special assessment of $100. The special assessment is due and payable at the time defendant enters the plea of guilty, and must be paid by the time of sentencing unless defendant is indigent. If defendant is indigent, the special assessment will be collected according to Title 18, United States Code, Chapters 227 and 229.

## Agreements Regarding Sentence

Defendant understands that the Court is required to consider the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") created by the Sentencing Reform Act of 1984 among other factors in determining defendant's sentence. Defendant understands, however, that the Sentencing Guidelines are only advisory, and that after considering the Sentencing Guidelines, the Court may be free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crimes of conviction.

## Specific Offense Characteristics and Sentences

Pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., the government and the defendant stipulate and agree that the following is an appropriate disposition of this case:

**(A) Level 24 Offenses**. Under the Sentencing Guidelines, as set forth in U.S.S.G. § 2L1.2(a) and (b)(1)(A), Unlawful Reentry After Deportation by an alien with a prior felony conviction for a crime of violence, is classified as a crime with an offense level of twenty-four (24), and carries a sentence between 51 and 125 months of incarceration, which will be precisely determined by the court, based upon the defendant's criminal record.

If the defendant has a felony conviction for a crime of violence that falls under those enumerated in U.S.S.G. § 2L1.2(b)(1)(A) and is not on supervised release, the government and the defendant agree that the defendant shall receive a three-level downward adjustment for acceptance of responsibility and an additional four-level downward departure pursuant to U.S.S.G. § 5K3.1. This will result in a total offense level reduction under the plea agreement

of 7, which will classify the defendant in offense level 17, which carries a sentence of between 24 and 63 months of incarceration, depending on the defendant's criminal history.

**(B) Level 12 Offenses**. Under the Sentencing Guidelines, as set forth in U.S.S.G. § 2L1.2(a) and (b)(1)(D) and (b)(1)(E), Unlawful Reentry After Deportation by an alien with a prior felony conviction or three or more convictions for misdemeanors that are crimes of violence or drug trafficking offenses, is classified as a crime with an offense level of 12, and carries a sentence between 10 and 37 months of incarceration, which will be precisely determined by the court, based upon the defendant's criminal record.

If the defendant has a conviction which falls under U.S.S.G. § 2L1.2(b)(1)(D) or (b)(1)(E) and is not on supervised release, the government and the defendant agree that the defendant shall receive a two-level downward adjustment for acceptance of responsibility and an additional two month downward departure from the low end of the guideline range pursuant to U.S.S.G. § 5K3.1. This will result in a total offense level reduction under the plea agreement of level 10 less two months, which carries a stipulated sentence of between 4 and 22 months of incarceration, depending on the defendant's criminal history category.

If it is discovered that the defendant is on supervised release, the government reserves the right to withdraw from this agreement.

This agreement is conditioned on the defendant having less than 18 criminal history points. If the defendant has 18 or more criminal history points the government shall have the right to withdraw from this agreement.

This agreement is conditioned upon the defendant having no aggravated felony convictions. If the government determines that the defendant has any aggravated felony convictions, the government reserves the right to withdraw from this agreement.

Defendant understands and agrees that this plea agreement contains all the terms, conditions and stipulations regarding sentencing. If defendant requests or if the court authorizes (a) any downward departure; (b) any reduction of criminal history category which differs from that set forth in the presentence report; or (c) any other reduction of sentence not specifically agreed to in writing by the parties, the government may withdraw from the plea agreement.

If the court, after reviewing this plea agreement, concludes any provision is inappropriate, it may reject the plea agreement, giving either party, in accordance with Rule 11(d)(2)(A), Fed. R. Crim. P., an opportunity to withdraw from the guilty plea and this agreement.

If the court departs from the terms and conditions set forth in this plea agreement, either party may withdraw.

### Waiver of Defenses and Appeal Rights

Defendant waives any and all motions, defenses, probable cause determinations, and objections which defendant could assert to the information or indictment, or to the court's entry of judgment against defendant and imposition of sentence upon defendant, provided that the sentence is consistent with this agreement. Defendant further waives: (1) any right to appeal the court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack. Defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack defendant might file challenging his conviction or sentence in this case.

### Perjury and Other False Statements or Other Offenses

Nothing in this agreement shall be construed to protect defendant in any way from prosecution for perjury, false declaration or false statement, or any other offense committed by defendant after the date of this agreement. In addition, if defendant commits any criminal offense between the date of this agreement and the date of sentencing, the government will have the right to withdraw from this agreement. Any information, statements, documents or other evidence defendant provides to the United States pursuant to this agreement may be used against the defendant in all such proceedings.

### Reinstitution of Prosecution

If defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court in a later proceeding, the government will be free to prosecute the defendant for all charges of which it has knowledge, and any charges that have been dismissed or not alleged because of this plea

agreement will be automatically reinstated. In such event, defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment to the Constitution as to the delay occasioned by the later proceedings. Defendant agrees that the stipulated sentencing ranges set forth under "Agreements Regarding Sentence" will not be offered if prosecution is re-instituted.

## Disclosure of Information to U.S. Probation Office

The defendant understands the government's obligation to provide all information in its file regarding the defendant to the United States Probation Office. The defendant fully understands and agrees to cooperate fully with the United States Probation Office in providing all information requested by the probation officer.

## Effect of Other Proceedings

This agreement does not preclude the United States from instituting any civil or administrative proceedings as may be appropriate now or in the future.

Defendant understands that if defendant violates any of the conditions of defendant's supervised release, the supervised release term may be revoked. Upon such revocation, notwithstanding any other provision of this agreement, defendant may be required to serve a term of imprisonment or defendant's sentence may otherwise be altered.

## WAIVER OF DEFENDANT'S RIGHTS

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions. I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my right to plead not guilty; to trial by jury; to confront, cross-examine, and compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination; to be presumed innocent until proven guilty beyond a reasonable doubt; and to appeal, all with the assistance of counsel.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charge to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence will be determined after consideration of the advisory Sentencing Guidelines. I agree that any guideline range discussed with my attorney is not binding on the court and is merely an estimate.

My guilty plea is not the result of force, threats, assurance or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, and I agree to be bound according to its provisions.

I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney) that are not contained within this <u>written</u> plea agreement are without force and effect and are null and void.

I am satisfied that my defense attorney has represented me in a competent manner.

I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

## ELEMENTS OF THE OFFENSE

1. The defendant is an alien;

2. The defendant has been previously denied admission, excluded, deported, or removed from the United States;

3. The defendant entered or was found in the United States on or about February 7, 2007;

4. The defendant did not obtain the express consent of the Secretary of the Department of Homeland Security to reapply for admission to the United States prior to returning to the United States; and

5. The offense occurred within the District of Arizona.

## FACTUAL BASIS AND SENTENCING FACTORS

I agree that the following facts accurately describe my conduct in connection with the offense to which I am pleading guilty and that if this matter were to proceed to trial the government could prove these facts beyond a reasonable doubt:

> I am not a citizen or national of the United States. I was deported, excluded, or removed from the United States through Nogales, Arizona, on or about December 8, 1998. I was voluntarily present and found in the United States in or near Mohave Valley, Arizona, on or about February 7, 2007. I did not obtain the express consent of the Secretary of the Department of Homeland Security to reapply for admission to the United States prior to returning to the United States.
>
> Furthermore, for sentencing purposes, I admit I was convicted of Possession of Drug Paraphernalia, a felony, on or about August 24, 1998, and I was represented by an attorney.

2/26/07
Date

Ramon F Frias
Ramon Frias-Frias
Defendant

## DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Rule 11, Fed. R. Crim. P., the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea, including the defendant's waiver of the right to appeal. I have further discussed the concept of the advisory sentencing guidelines with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the government or by any of its representatives which are not contained in this written agreement. I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure the guilty plea is entered in accordance with all the requirements of Rule 11, Fed. R. Crim. P.

I translated or caused to be translated this agreement from English into Spanish to the defendant on the 26th day of February, 2007.

2/26/07
Date

_____
Matthew Albert Johnson
Attorney for Defendant

2-26-07
Date

_____
Marcia Resh
Certified Court Interpreter

GOVERNMENT'S APPROVAL

I have reviewed the defendant's matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

DANIEL G. KNAUSS
United States Attorney
District of Arizona

2.26.07
Date

_____
Beverly R. McCallum
Assistant U.S. Attorney

COURT'S ACCEPTANCE

_____
Date

_____
United States District Judge

8